STATE OF MARYLAND, Use of the Southern Mary-
land National Bank of La Plata,
a Corporation,

*vs.*

NATIONAL SURETY COMPANY, a Corporation.

*Sureties*: *liability strictly construed; corporate sureties; inten-
tion of parties. Road law*: *contractors' bonds.*

The doctrine that a surety is a favorite of the law, and that
a claim against him is *strictissimi juris,* does not apply where
the bond or undertaking is executed upon a consideration by a
corporation organized to undertake such bonds for profit. p. 293

But such principle is not to be extended so as to reverse the
rule, that the liability of a surety upon his bond is dependent
upon his covenants and agreements.                    pp. 293-294

Recovery can not be had against the surety of a road con-
tractor's bond, given under Chapter 141 of the Acts of 1908, for
money loaned upon promissory notes, where there is no proof
or allegation that the money was loaned only for paying for
labor or materials, when, under the terms of the Act, the bond
was conditioned upon the payment of all just debts for labor or
materials incurred by the bidder (the contractor) in the con-
struction and improvement of the road contracted for.    p. 294

*Decided May 13th, 1915.*

Appeal from the Circuit Court for Charles County. (BEALL and CAMALIER, JJ.)

The facts are stated in the opinion of the Court.

The cause was submitted to BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Adrian* and *F. Stone Posey* submitted a brief for the appellant.

*L. Allison Wilmer* submitted a brief for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

The General Assembly of 1908, p. 252, by Ch. 141, repealed and re-enacted with amendments sec. 32-D of the laws relating to public roads in this State. Among the provisions as thus adopted was the following:

"In all cases where the contract for work and materials shall be given out after competitive bidding, the successful bidder shall promptly execute a formal contract to be approved as to its form, terms and conditions by said Commission, and shall also execute and deliver to said Commission a good and sufficient bond to be approved by said Commission to the State of Maryland in not less than the amount of the contract price. *In no case shall any bond be approved or accepted unless the obligators bind themselves therein to the payment of all just debts for labor and materials incurred by the bidder in the construction and improvement of the road contracted for.*"

The Rickey-Swann Company was the successful bidder for a section of the public highway to be constructed or reconstructed in Charles County, and entered into a contract with the State Roads Commission for doing the work. In compliance with the statute already quoted, a bond was entered

into by the contractor, with the appellee, the National Surety Company as surety, to the State of Maryland, in which the condition was in these words: "Now, therefore, the condition of this obligation is such that if the above bounden The Rickey-Swann Company shall in all respects comply with the terms and conditions of this contract, and its obligations thereunder including the specifications therein referred to and made part thereof and such alterations as may be made in said specifications as therein provided for, and shall indemnify and save harmless the said State of Maryland against or from all costs, expense, damages, injury or loss to which the said State of Maryland may be subjected by reason of any wrongdoing, misconduct, want of care or skill, negligence or default, upon the part of said, The Rickey-Swann Company, its agents or employees in or about the execution or performance of said contract, including said specifications, and such alterations as may be made in said specifications as therein provided for, and shall save and keep harmless the said State of Maryland against and from all losses to it, from any cause whatever, including patent infringements, in the matter of constructing said section of State highway, and shall promptly pay in full all just debts for labor and materials incurred by such contractor in the construction and improvement of the road contracted for, then this obligation to be void, and otherwise to be and remain in full force and virtue in law."

Sometime thereafter the Rickey-Swann Company borrowed from the Southern Maryland National Bank moneys to the extent of $2,800, for which it gave its promissory notes, and the original notes were later renewed, the last renewal being two notes of $1,400 each, dated July 15th, 1912, and August 15th, 1912, and payable at four and three months respectively.

The notes not being paid, the present suit was instituted upon the bond of the contractor. A demurrer to the declaration was sustained, and judgment entered for the defendant

thereon.   The sole question presented for determination is
the liability of the Surety Company upon the bond for this
money borrowed from the bank.   It is alleged in the declara-
tion, and must be taken to be admitted by the demurrer,
that the money borrowed was used to pay the wages of labor-
ers hired and materials obtained and used in the construction
of the section of the State Highway for which the Rickey-
Swann Company was the contractor.

It will have been observed that the condition of the bond
covered two entirely distinct and severable matters; the one
to save harmless the State from the consequences of certain
acts on the part of the contractor, the other to insure the
prompt payment of all just debts of the contractor for labor
and materials, in the construction and improvement of the
road contracted for.   The first of these is in no way involved
in the present case.

"The doctrine that a surety is a favorite of the law, and
that a claim against him is *strictissimi juris* does not apply
where the bond or undertaking is executed upon a considera-
tion by a corporation organized to make such bonds or under-
takings for profit."   Their business is in all essential par-
ticulars that of an insurer.   32 *Cyc.* 306-7; *Smith* v. *Turner,*
101 Md. 584; *Aetna Indem. Co.* v. *Waters,* 110 Md. 699.

In conformity with this rule of construction of the under-
takings of Surety Companies, their liability upon their bonds
has been greatly extended beyond that to which sureties were
formerly bound, and no Court has adopted this view to a
greater extent than the Supreme Court of the United States,
by which it has been held that a sub-contractor might main-
tain a suit on the bond of the principal contractor for the
amount due for labor and materials under a sub-contract.
*The Guaranty Co.* v. *The Pressed Brick Co.,* 191 U. S. 416;
*Hill* v. *The American Surety Co.,* 200 U. S. 197; and *Man-
kin* v. *Celadon Co.,* 215 U. S. 533.

But broad as is the construction now given to such under-
takings it has not been and can hardly be extended so as to

reverse the rule that the liability of a surety upon his bond, is dependent upon his covenants and agreements. *Credit Indemnity Co.* v. *Cassard,* 83 Md. 277; *Union Ins. Co.* v. *U. S. Fid. Co.,* 99 Md. 430; *Smith* v. *Bowman,* 9 L. R. A. (N. S.) 889; *Booth* v. *Bank,* 116 Md. 669; *Duffy* v. *Buena Vista Ice Co.,* 122 Md. 275; *Williams* v. *U. S. Fid. Co.,* 105 Md. 492.

The appellant relies chiefly in this case upon a decision of JUDGE BRISCOE, in Circuit, in which he held that a surety company upon a bond substantially similar to the one in this case was liable for an indebtedness of a contractor, incurred for coal with which to operate his machinery.

With the reasoning and conclusion in that case there is no occasion to disagree, but the facts as they appear in this record clearly distinguish it from the case before JUDGE BRISCOE. Here the indebtedness sought to be recovered consists of money loaned upon promissory notes. It does not appear either from the notes themselves, or from any allegation in the *narr.* that the loan was made upon any condition whatsoever. It is alleged that the money so obtained was used in paying for labor and materials, but there is no allegation that the loan was made upon such a condition or that the Rickey-Swann Company might not with entire propriety have used it for any other purpose. If such a condition had been imposed when the loan was made, an entirely different question might have been presented, one which this Court is not now called on to decide. Or if the bank had paid the bills for labor and materials, either with or without an assignment of the accounts, and now sought reimbursement under a claim of subrogation, the case would present a different aspect, but upon the case before us, no error can be attributed to the Court because of its ruling upon the demurrer, and the judgment appealed from will be affirmed.

*Judgment affirmed, with costs.*