FRED H. BURDETT vs. DAVID I. WALSH & others, receivers.

Suffolk.    January 13, 1920. — February 28, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

Bond.  Surety.  Contract, Performance and breach.  Evidence, Relevancy. Waiver.

The owner of shares of the capital stock of a corporation sold them to one who agreed in writing to give in part payment his note "secured to the satisfaction of" the seller.  Later the purchaser and a surety company executed a bond, which recited that the seller had required that the purchaser should give him a bond to indemnify him "in the event of the failure" of the purchaser "to pay the aforesaid note in accordance with his agreement," and which was conditioned upon the purchaser paying to the seller "the principal of the aforesaid note and interest thereon in accordance with the aforesaid agreement or with the terms of said note."  No note ever was executed or delivered, and the amount mentioned in the agreement was not paid to the seller.  In an action by him against the purchaser and the surety upon the bond, it was held, that the existence of the note was a prerequisite to the liability of the surety.

At the trial of the action above described, the plaintiff, to show a waiver by the surety company of its defence arising from the lack of a note, offered evidence tending to show that the surety company, after it had received notice that no note had been given by the purchaser to the seller, requested payment of premiums upon the bond.  The evidence was excluded and the plaintiff alleged an exception, which he did not argue in this court; and it was held that the exception, not having been argued, was treated as waived; and 'it also was stated that the evidence properly was excluded because it did not tend to show a waiver by the company.

CONTRACT against the administrator of the estate of the principal, and the receivers of a corporation which was a surety upon the bond described in the opinion.  Writ dated March 11, 1918.

In the Superior Court the action was tried before Hitchcock, J. The administrator of the estate of the principal obligor was defaulted and the trial proceeded against the receivers of the surety. The material evidence is described in the opinion.  At the close of the evidence, by order of the judge, the jury returned a verdict for the defendants; and the plaintiff alleged exceptions.

The case was submitted on briefs.

J. E. Young, for the plaintiff.

R. H. Willard & L. R. Wentworth, for the defendants.

JENNEY, J. This is an action of contract, against the administrators of the estate of Stephen Jennings and the receivers of the New England Casualty Company, on a bond given by Jennings as principal and the company as surety.

On February 9, 1914, Jennings made a contract in writing with the plaintiff whereby, in addition to the purchase of certain real estate, he agreed to buy from the plaintiff stock in the Record Dry Plate Company for $3,200, "payable" $200 in cash and the balance by "Note of Three thousand dollars ($3,000.00) in one year with interest at six per cent (6%) secured to the satisfaction" of the plaintiff. The $200 were paid, the stock was transferred and all the other terms of the contract except that relating to the payment of the $3,000 were performed. On March 9, 1914, pursuant to the contract, Jennings as principal and the company as surety executed and delivered to the plaintiff a bond in the penal sum of $3,000, which bond, after reciting the agreement between the plaintiff and Jennings, a copy of which was annexed to it, further recited: "Whereas, the said Fred H. Burdett has required that the said Stephen Jennings should give him a bond to indemnify him in the event of the failure of the said Stephen Jennings to pay the aforesaid note in accordance with his agreement." Its obligation was as follows: "Now, therefore, if the said Stephen Jennings, his heirs, executors, administrators or assigns shall pay to the said Fred H. Burdett, his heirs, executors, administrators or assigns, the principal of the aforesaid note and interest thereon in accordance with the aforesaid agreement or with the terms of said note, then this obligation to be void, otherwise to remain in full force and effect." No note, however, was ever given by Jennings to the plaintiff and the $3,000 have not been paid in whole or in part.

The recitals considered by themselves clearly import an obligation to pay a note, and the bond, instead of providing for the payment of the amount of the indebtedness under the agreement, bound the parties thereto to pay the principal of the note and interest. We think that the existence of a note as provided for in the agreement and clearly recognized by the recitals and the obligation of the bond was a prerequisite to the liability of the surety. The provision that the payment of the principal of the note was to be in accordance with the agreement does not enlarge

the liability, as it refers to and identifies the note. The alternative provision as to payment in accordance "with the terms" of the note, clearly cannot import liability where no note in fact has been given. The fact that the amount payable is precisely the same as if the note had been given, cannot make the surety liable for the reason that the liability that it assumed and contracted to meet arose only in case Jennings failed to pay the sum due under the note provided for. A note is not in legal effect the same as an ordinary contractual obligation to pay the amount named therein, even if unnegotiable. *Gay* v. *Rooke*, 151 Mass. 115. *Commonwealth* v. *Dow*, 217 Mass. 473, 479.

The surety had a right to define and to limit its liability even although it resulted in the failure of the obligee to get the security that he intended to obtain and thought that he had procured. Liability cannot be founded except upon the reasonable import of all the terms of a bond, otherwise a surety would be held not on the contract as actually made, but on that which the court might determine that he intended to enter into. It is not sufficient that he "sustain no injury by a change in the contract, or that it may even be for his benefit." *Miller* v. *Stewart*, 9 Wheat. 680, 703. *United States* v. *Boecker*, 21 Wall. 652, 657. The decisions, in cases where bonds have been given by a corporation organized for the express purpose of giving security, under which the rule so often declared as to the strictness with which bonds should be construed has been somewhat relaxed, do not aid the plaintiff. Such decisions are inapplicable where liability is beyond the scope of the undertaking. See *Guaranty Co.* v. *Pressed Brick Co.* 191 U. S. 416, 426; *Hill* v. *American Surety Co. of New York*, 200 U. S. 197, and cases cited in Ann. Cas. 1912 B 1087.

The plaintiff has not argued his exception to the refusal of the judge to admit evidence tending to show that the company, after it had notice that no note had been given, requested the payment of premiums on the bond, which evidence was offered as tending to show a waiver on the part of the company. This exception is treated as waived. Even if not so considered, the evidence was properly rejected. Waiver is the intentional relinquishment of a known right, and it cannot be based on this evidence of insistence on rights under the contract. The bond was valid, the question at

issue being only whether liability had arisen under its terms. See *McGrath* v. *Quinn,* 218 Mass. 27.

The verdict for the defendants rightly was ordered, and the plaintiff's exceptions must be overruled.

*So ordered.*