ROBERT A. B. COOK, trustee in bankruptcy, *vs.* JOSEPH FINGER & others.

Suffolk.    November 4, 1929. — January 20, 1930.

. Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Bond,* Construction.    *Contract,* Construction, Performance and breach.

A bankrupt corporation in June filed a petition for a creditors' meeting to consider its proposal for a composition on certain terms. No formal offer of composition ever was made, nor was there a deposit of money sufficient to complete the proposed composition. The meeting was held and a trustee was elected, but the creditors never considered nor acted upon the bankrupt's proposal. A bond, in which the trustee was obligee, was executed in August by an officer of the bankrupt corporation as an individual, which recited that the bankrupt and the officer were "desirous of submitting composition terms" and of selling certain assets of the bankrupt for that purpose and that the trustee had assented to a sale of such assets; and provided that the terms of the sale were to be approved by him and the proceeds thereof turned over to him, that the officer should give bond to the trustee for the benefit of the bankrupt estate "to insure the faithful and prompt performance by said bankrupt of making and completing . . . its composition offer . . . ," that the proceeds of the estate should be used to pay the

composition and if they were insufficient the obligors were to pay the penal sum of the bond "or such sum as will be necessary for the purposes of effectuating the composition," and that the present instrument should be void if the officer and the corporation should perform the things and meet the obligations described; otherwise it should remain in full force and effect. The trustee had secured leave to sell the assets, and in November filed an account showing receipt by him of the proceeds of a sale thereof. The proceeds were not sufficient to meet a composition upon the terms proposed by the bankrupt. The trustee commenced a suit in equity on the bond in March. The bill was dismissed. *Held,* that

(1) The bond, construed in view of the surrounding circumstances, was not given to secure performance of the informal offer of composition made in June: it was given to secure performance of a formal composition in accordance with the bankruptcy act if such a composition were offered after the execution of the bond;

(2) The obligor in the bond did not guarantee that such a formal offer of composition would be made, nor was the new bond to be given to assure the making and acceptance of such an offer;

(3) Since the bond had been given to secure performance of such an offer, that offer was a prerequisite to liability on the bond;

(4) The bill properly was dismissed.

BILL IN EQUITY, filed in the Superior Court on March 3, 1928, to reach and apply certain property of the principal defendants in satisfaction of an alleged claim by the plaintiff on the bond described in the opinion.

The suit was heard by *Weed,* J., a stenographer having been appointed under G. L. c. 214, § 24, Equity Rule 29 (1926). Material facts found by the judge are stated in the opinion. By his order, a final decree was entered dismissing the bill "without prejudice however to another suit by the plaintiff should the Globe Shoe Company in .bankruptcy . . . make application to make and complete a composition with its creditors using the assets of the estate so far as needed for that purpose." The .plaintiff appealed.

*R. A. B. Cook (M. C. Taylor* with him,) for the plaintiff.

*Lee M. Friedman & P. D. Turner, (J. Sisson* with them,) for the defendants.

CARROLL, J. This is a suit in equity to reach and apply, brought by the plaintiff, as trustee in bankruptcy of the Globe Shoe Company, upon a bond in which he is the obligee. The defendant Finger is the principal obligor of

the bond; Burtman and Hershenson are sureties. Its date is August 31, 1927.

Finger was the treasurer, manager and principal owner of the Globe Shoe Company. This company was adjudicated a bankrupt June 23, 1927. On June 27, the bankrupt filed a petition for a meeting of its creditors to consider its proposal for a composition of fifteen per cent in cash upon all unsecured debts. A meeting was called for July 19, to elect a trustee and consider the offer of composition, and the meeting was held on that day. A large number of claims was filed and allowed; the treasurer of the bankrupt was sworn and interrogatories were filed; the plaintiff was chosen trustee, the amount of his bond fixed, and the meeting adjourned. No formal offer in composition was then or thereafter filed, other than the petition of June 27; nor did it appear that the creditors at that meeting or at any subsequent meeting considered or acted upon any informal offer of composition by the bankrupt. No deposit of the money necessary to complete the proposed composition was made by or on behalf of the bankrupt. Thereafter the trustee filed his petition to sell the assets of the estate, and filed an inventory. The petition to sell was allowed August 8, 1927.

The trial judge found that, prior to giving the bond in suit, the bankrupt desired to use the proceeds of the assets toward the completion of the composition; that the plaintiff informed the bankrupt he was going forward with the administration of the bankrupt's estate unless a bond was given to protect the estate and assure the completion of. the proposed composition; and that thereupon the bond in issue here was executed and delivered. It further appeared that in November, 1927, the trustee filed his first account showing the receipt of the proceeds of the sale of stock, fixtures and equipment; that on January 3, 1928, a dividend of seven and one half per cent was declared.

We are not concerned with the inquiry whether the bond in suit is valid under the bankruptcy act of May 27, 1926, c. 406, § 5, 44 U. S. Sts. at Large, Part 2, 663. See *Miller's Apparel, Inc.* v. *H. Simonoff & Son, Inc.* 29 Fed. Rep. (2d)

507. The plaintiff's contention is that the bond is a good common law bond. The question before us is this: Does the bond guarantee the performance of a composition offer?

If the principal and sureties on the bond guaranteed the performance of a composition offer, a composition offer must have been in existence in order to have a breach of the bond; without an existing composition offer there could be no breach of a bond given to secure its performance. In *Burdett* v. *Walsh*, 235 Mass. 153, one Jennings owed the plaintiff $3,000; he agreed to give a note to the plaintiff for this amount and signed a bond with a surety to pay the note. No note was ever given by Jennings to the plaintiff and the $3,000 had not been paid. In that case it was held that the existence of a note as provided for in the agreement and recognized in the bond was a prerequisite of the liability of the surety. In the case at bar a composition offer was a prerequisite of liability on a bond given to secure its performance.

The bond consists of a penalty clause in common form, five paragraphs each beginning with the word "Whereas," and a final clause providing that the instrument shall be void if Finger and the Globe Shoe Company shall perform those things and meet those obligations therein required; otherwise, it is to remain in full force and effect. The Globe Shoe Company was not a party to the bond. Finger signed the bond in his personal capacity and not as an officer of the company. The liability of Finger depends on the construction of the bond.

The first paragraph beginning with "Whereas" is merely a statement that the Globe Shoe Company was adjudicated bankrupt. The second paragraph recites that the plaintiff was elected trustee, accepted the appointment, qualified as such and gave bond. The third paragraph states that the bankrupt, by the principal herein, who was the managing director, "is desirous of submitting composition terms of Fifteen Per cent. (15%) to its creditors" and for that purpose the bankrupt "and the principal herein, are also desirous of selling" in a "manner agreeable to them" certain assets of the Globe Shoe Company. It is to be

observed that in this paragraph the language is that the bankrupt and Finger are "desirous of submitting" an offer rather than that they "have submitted" a composition offer, indicating that a composition to be made was in the minds of the parties.

The fourth paragraph sets out that the trustee shall approve the terms of sale, and the proceeds thereof shall be turned over to him; that Finger shall give a bond "to insure the faithful and prompt performance by the said bankrupt of making and completing" its composition offer. In this paragraph it was recognized that the trustee had assented to a sale of the assets, the sale to be conducted as desired by the bankrupt and Finger, the terms thereof to be approved by the trustee and the proceeds turned over to him. We understand that the proceeds were in fact paid to the trustee. Then follows the significant clause "subject also to the further condition that the said Finger shall give and execute unto the said Trustee a good and sufficient bond for the benefit of the said bankrupt estate and all in interest therein, including particularly the creditors thereof, to insure the faithful and prompt performance by the said bankrupt of making and completing, by adequate deposit of funds and assets of creditors, its composition offer of Fifteen Per Cent. (15%) to all its creditors." The next or fifth paragraph states that it is the purpose that all the proceeds of the estate should be used to pay the composition, and if insufficient the obligors are to pay the penal sum of the bond "or such sum as will be necessary for the purposes of effectuating the composition."

The fourth paragraph provides for the giving of a further bond; this additional bond was to insure the performance by the bankrupt of a composition offer. The bond was to be given, as we construe this paragraph, to secure a formal composition, one in accordance with the bankruptcy law. It was not to be given to secure the proposed offer contained in the petition of June 27, 1927. The defendants did not guarantee by the bond in suit that a new and formal composition would be made and accepted, nor was the new bond to be given to assure the making and accept-

ance of such a formal offer; it was to be given to secure the performance of the offer if subsequently made. The fifth paragraph looks to a composition offer already made. As previously stated, the money realized from the sale of the assets was not sufficient to meet the proposed composition offer. The trial judge found that the making of a formal offer in composition was in the minds of the parties, as was a new application by the bankrupt, although it was in terms the same as the offer proposed in the petition of June 27, 1927. In our opinion this conclusion was warranted by the construction of the language used in the light of the surrounding circumstances in the third paragraph. The statement, to the effect that Finger "is desirous of submitting" a composition offer, would not probably have been made if the attempted offer of June 27 was then contemplated. If the former offer of June 27 was to be secured, it could have been so stated.

*Decree affirmed.*