TOWN OF WINDSOR TO USE OF SAMSON PLASTER BOARD CO.

*v.*

STANDARD ACCIDENT INSURANCE CO.

February Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 5, 1942.

*Raymond Trainor* for plaintiff.

*Gilbert W. Cox* (*Don D. Blake* and *George M. Yaghjian* of Counsel) for defendant.

JEFFORDS, J. This is an action of contract on an indemnity bond. Trial was by Court without a jury. The following facts appear in the findings: Daniel Ryan contracted with the school district for the town of Windsor to erect a school building and furnished a bond to the district for the performance of the contract. The form of the contract and of the bond were furnished Ryan by the school district. Ryan sub-contracted the plastering work for the building to one Nelson who purchased the necessary materials for this work from A. B. Carter of Windsor. Carter delivered the materials but was not paid in full for the same by Nelson. The claim for this unpaid balance came by assignment

to the Samson Plaster Board Co. (hereinafter referred to as the plaintiff). In finding No. 7 it is stated that Ryan had no business at all with Carter, and has overpaid Nelson about $1400 for the work Nelson did for Ryan. The bond is set forth in finding No. 8. In it Ryan is named as principal, the town as obligee, and the defendant as surety. The following provisions here material then appear:

"WHEREAS, the above bounden Principal has entered into a certain written contract with the above named obligee, dated the 3rd day of November, A. D. 1938, for additions to Junior and Senior High School, PWA 1076F, which contract is hereby referred to and made a part hereof as fully and to the same extent as if set forth at length herein:

"NOW, THEREFORE, THE CONDITION OF THE ABOVE OBLIGATION IS SUCH that if the above bounden Principal shall well and truly keep, do and perform, each and every, all and singular, the matters and things in said contract set forth and specified to be by the said Principal kept, done and performed at the time and in the manner in said contract or amendment or extension thereof, specified, and shall pay, settle, liquidate and discharge or cause same to be done, the claims of all creditors of said principal for material, merchandise, rent, hire or amendment, or extension thereof, and shall pay over, make good and reimburse to the above named Obligee, all loss and damage which the said Obligee may sustain by reason of failure or default on the part of said Principal, and if said Principal and all subcontractors to whom any portion of the work provided for in said Contract is sublet and all assignees of said Principal and of such subcontractors shall promptly make payment for all labor performed and service rendered in the prosecution of the work provided for in said Contract, or in any amendment or extension of or addition to said Contract, then the above obligation shall be void; otherwise to remain in full force and effect.

"PROVIDED, however, that this bond is subject to the following conditions and limitations.

"(a) All persons who have performed labor, furnished material, or rendered services as aforesaid shall have a direct right of action against the Principal and/or Surety on this bond, * * *"

Finding No. 9 is as follows: "The plaintiff's claim is based solely on the defendant's obligation as surety on Ryan's bond to the town of Windsor.

"Carter rendered no services and performed no labor, but his claim is solely for the materials which he sold and delivered to J. C. Nelson.

"We are, therefore, compelled to find that the defendant is not liable to the plaintiff because of the provisions of the bond (Plaintiff's exhibit 1a)."

Judgment was entered for the defendant to recover its costs. The plaintiff excepted to the judgment and also to findings No. 7 and 9. All of these exceptions, as briefed by the plaintiff, present only one question necessary for our determination, namely, the defendant's liability for the unpaid balance under the condition of the obligation of the bond.

The rules for construing this bond are set forth in *City of Montpelier* v. *National Surety Co.*, 97 Vt. 111, at 117, 122 Atl. 484, at page 487, 33 A. L. R. 489, as follows:

"The courts agree with practical unanimity that in the case of a surety company, acting for compensation, the contract will be construed most strongly against the surety, and in favor of the indemnity which the obligee has reasonable ground to expect. The contract is regarded more in the nature of an insurance contract, and by analogy the rules governing liability applicable in that class of contracts are applied. Note 12 A. L. R. 382, where the cases are collected. But the rule is one of construction only. The bond of a compensated surety is not to be so construed as to extend liability beyond the terms of the contract. *Burdett* v. *Walsh*, 235 Mass. 153, 126 N. E. 374. The plain intention of the parties cannot be nullified by construction. Where the meaning of such a bond is clear and unambigu-

ous, it should be enforced, like other contracts, according to the manifest intention of the parties. *State* v. *Blanchard Constr. Co.*, 91 Kan. 74, 136 Pac. 905, Ann. Cas. 1915 C 192; *State* v. *National Surety Co.*, 126 Md. 290, 94 Atl. 916. The effect of the rule is to give such contracts of indemnity a reasonable construction, so as to give effect to the intention of the parties and to carry out, rather than defeat, the purpose for which they were executed.''

The plaintiff refers to the above rules and says that under them it is entitled to recover. It admits that the ''important part'' of the bond in determining the question of liability is the following provision in the condition: ''and all sub-contractors shall promptly make payment for all labor performed and service rendered in the prosecution of the work provided for in said contract.''

In support of its contention the plaintiff says that the words ''service rendered'' should be construed as including materials furnished and cites several cases as bearing out this claim. An examination of the same discloses that they are not in point. For the most part they have to do with contracts for personal services and the holdings have been to the effect that it was contemplated by the contracting parties that necessary expenditures incidental to the performance of the services should be paid for under the contract in addition to the agreed amount for the services rendered. None of these cases had to do with carefully worded contracts such as the one here in issue. It is apparent from a reading of the bond that the drafters of the same intended to distinguish between the rights of materialmen and those performing labor or rendering service in the prosecution of the work. These various classes are enumerated in the bond independently of each other. Each has its own common and accepted meaning. If it had been intended to include materialmen within the class of those who rendered service it would have been a simple matter to have stated that fact in the contract. If we should give the construction contended for by the plaintiff we, in effect, would be making a contract with terms different from those intended by the parties thereto as evidenced by the clear and unambiguous language used in the instrument.

This we have no right to do. *City of Montpelier* v. *National Surety Co., supra.*

The plaintiff also contends that the building contract and the bond taken together and reasonably construed afford it a right of recovery thereunder under the rule laid down in the cases to the effect that a contractor's bond should be liberally construed in favor of laborers and materialmen for whose benefit it is ostensibly executed, as against a paid surety company. Such cases are collected in annotations appearing in 70 A. L. R. 308 and 111 A. L. R. 311. In this connection it refers to the provision in the building contract requiring the contractor to furnish all labor, materials, etc. for the work. A study of these cases discloses that they have to do with bonds given in pursuance of statutes requiring bonds protecting all persons who have furnished materials used on the public work there in question. A leading case on this point is that of *United States for use of Hill* v. *American Surety Co.*, 200 U. S. 197, 26 Sup. Ct. Rep. 168, 50 L. ed. 437. In that case, as in many others with similar holdings in favor of persons who have furnished materials to sub-contractors, the statutory provision was incorporated in the bond and the construction given the bond comes as much, if not more, from the interpretation given the statute as from the language of the bond. Here no statute is involved, so for this reason these cases are not wholly in point. The main reason, however, why they do not apply is because in none of them that have been called to our attention is there such a provision either in the statute or the bond there in question as we have here limiting the right of recovery upon the bond for material furnished on the work to materialmen dealing directly with the principal contractor. It is apparent that the obligation of the bond in this case extends only to materialmen who are creditors of such contractor. This limitation is set forth in clear and unambiguous language. Consequently the contract must be enforced according to the manifest intention of the parties which must be deemed to be that which their own written instrument discloses. *City of Montpelier* v. *National Surety Co., supra; Kerr & Elliott* v. *Green Mountain Ins. Co.*, 111 Vt. 502, 511, 18 Atl. 2d 164, and cases cited therein. See also *Hospital for Women* v. *United States F. & G. Co.*, 177 Md. 615, 11 Atl. 2d 457, 128 A. L. R. 931; *Baltimore* v. *Maryland Casualty Co.*, 171 Md. 667, 190 Atl. 250.

The plaintiff also stresses the provision in the building contract that: "The contractor shall furnish a surety bond for the faithful performance of the contract and payment of all persons performing labor and furnishing materials in connection with the contract." The answer to its claim on this score is obvious. Such a bond was not given. As already noted, the form of the bond and the contract was furnished Ryan by the school district. Whether it chose to waive the requirements of the contract as to the kind of bond to be furnished or whether the bond in question was provided through oversight is immaterial. The rights of the plaintiff must be established, if at all, against this defendant under the bond on which the latter is surety and not under some bond which might or ought to have been given.

Inasmuch as Carter from whom the plaintiff derives its rights was not a creditor of Ryan but of Nelson, the sub-contractor, it follows from what we have said that the plaintiff is not entitled under its claim as a materialman to the benefit of the obligation of the bond. Our holdings on this point make it unnecessary to consider the other points briefed by the defendant in support of the judgment relating to the right of the plaintiff as assignee to sue on the bond.

*Judgment affirmed.*