## Insurance Company of North America v. Lee C. Tucker

[262 A.2d 489]

No. 24-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 2, 1969

Rehearing Denied February 3, 1970

*Wick, Dinse & Allen,* Burlington, for Plaintiff.

*Langrock & Sperry,* and *Marshall H. Eddy,* Middlebury, for Defendant.

Smith, J. This is an appeal by the defendant from a verdict directed in favor of the plaintiff by the Addison County Court and the consequent judgment order dated February 3, 1969, in an action in contract.

The plaintiff is an insurance company licensed to do business in the State of Vermont, and the defendant is a cattle dealer residing in the City of Vergennes, Vermont. The factual situation shows that in the Fall of 1963, the defendant, and appellant here, Lee C. Tucker, purchased a livestock dealer's bond from the plaintiff insurance company, as required by the Packers and Stockyards Act (7 U.S.C.A. Sec. 204) by means of which the insurance company contracted to satisfy unpaid creditors of Tucker. Tucker promised to indemnify North America for any losses incurred under the bond.

In November of 1966, a suit was brought by one Bottema against the plaintiff, Insurance Company of North America, in the Federal District Court, District of Vermont (*Bottema v. Insurance Company of North America*, Civil Action No. 4730), under a claim that Tucker had paid for some cattle with bad checks. Tucker was not joined in the case as a co-defendant by either of the parties, although he testified as a witness in the case for the insurance company.

As a result of this action, tried before the court, Bottema obtained a judgment against the insurance company of $5,-373.74. However, after the insurance company withdrew its appeal from this judgment of the Federal District Court the company settled the judgment with Bottema for the sum of $5,000.00.

The action in contract before the Addison County Court was brought by the Insurance Company of North America against Tucker to recover from the defendant the amount of the judgment it has paid Bottema, plus interest, under the terms of the bond which the insurance company had issued to Tucker.

Although the appellant has presented two questions for our determination in the case before us, we believe that they can be condensed in the summary now given.

The plaintiff in this case had judgment go against it in a suit on a surety bond, in the Federal District Court. The prevailing party in that case advanced a claim against the plaintiff in this case. However, in the litigation on the surety bond the defendant in this case acquired no status as a party. In the current proceedings, the defendant sought to present his defenses against the original claim. His attempts to do so were

342

prohibited by the evidentiary ruling of the trial judge, which the defendant here claims was in error.

■ A surety contract in this state is regarded·more in the nature of an insurance contract, and by analogy the rules governing liability in that class of contracts is applied. *Windsor* v. *Standard Insurance Co.*, 112 Vt. 426, 428, 26 A.2d 83. The essential phrase before us pertinent to the question to be decided is found in the application made by Lee Tucker to the Insurance Company of North America for a surety bond. In such bond he agrees to indemnify the insurance company for all monies "paid in good faith by the Surety on account of any asserted liability under said obligation . . . ". What appellant sought below was a jury determination of whether or not good faith had been used by the insurance company in defending the suit brought against it by Bottema in the Federal District Court.

> Bad faith is, of course, a state of mind, indicated by acts and circumstances, and is provable by circumstantial as well as direct evidence. Each case must stand and be determined upon its particular state of facts. *Johnson* v. *Hardware Mutual Casualty Co.*, 109 Vt. 481, 494, 1 A.2d 817.
> Bad faith is not to be presumed. The question of whether there was in fact bad faith on the part of the surety company was a question for the jury. *Johnson* v. *Hardware Mutual Casualty Co.*, 108 Vt. 269, 288, 187 A. 788.

The undisputed evidence before the trial court was that Tucker had not been joined in the Federal Court action of *Bottema* v. *Insurance Company of North America*. It was the testimony of Tucker in the case below that he had a good defense to the claim made against him by Bottema in his suit against the insurance company, but was not joined as a co-defendant in the case by the insurance company which could have so joined him in the action under the Federal Rules of Civil Procedure, Rule 14(a), 28 U.S.C.A., without the consent of Bottema. It was also Tucker's testimony below that he was not consulted by North America until the very day of trial on any defense he might have had to the claim of Bottema.

He further testified that he was given no opportunity to continue with the appeal that North America had originally taken from the judgment in the Federal District Court, nor was he consulted on the terms of the settlement made by North America with Bottema which resulted in the withdrawal of the appeal.

Much of the evidence offered by Tucker to show bad faith on the part of North America, as well as the offer of evidence by Tucker to show that he was not indebted to Bottema, was excluded by the trial court.

■ Out of the fiduciary relationship existing here between North America and Tucker there was a duty between the parties of mutual good faith and fidelity in the control of litigation and settlement. *Peerless Casualty Co.* v. *Cole,* 121 Vt. 258, 265, 155 A.2d 866.

■ North America here argues that the prior judgment received by Bottema in the Federal District Court is a bar to the defense sought to be presented by the defendant. But the case before us is not *Bottema* v. *Insurance Company of North America,* heard in the Federal District Court. This is a different case, with different parties, and before a different tribunal. Although almost identical issues of fact are considered by two different juries, the decision of each jury on the facts before it is controlling on that particular litigation. *State* v. *Brown,* 122 Vt. 59, 62, 163 A.2d 845. Even if it is the court who is the finder of facts in one case, and a jury who exercised the fact finding function in another action, the same rule must be applied.

■ The appellant in the trial below was attempting to show bad faith on the part of the surety company. In defendant's answer to the complaint of the plaintiff, defendant set up as an affirmative defense to the action that "the Plaintiff, Insurance Company of North America, at said time entered only a token defense to the Complaint, waived its right to a jury trial, and in general conducted an inadequate and improper defense of said case, all without consultation with the Defendant Lee C. Tucker, and said inadequate defense was responsible for any judgment obtained against the Insurance

Company of North America as C. M. Bottema, Jr. never had a valid claim against said Lee C. Tucker." The burden was on the defendant to establish the bad faith that he alleged in the answer was exercised by the insurance company.

The exclusion by the lower court of the evidence offered by the defendant to support his allegations of bad faith on the part of the insurance company was in error. It necessarily follows that there was also error in the direction of verdict against the defendant, who has never received the day in court to which he is entitled.

*The entry is "judgment reversed and cause remanded."*

### Memorandum on Defendant's Motion To Reargue

After the opinion and decision of the Court was filed in this cause, the plaintiff presented a motion to reargue. The motion contends the opinion exhibits a misapprehension of the law applicable to the case in holding that the defendant Tucker may assert any defense to the present action that could have been raised in the federal action brought by Bottema against the plaintiff.

■ Although this was the claim advanced in defendant appellant's argument, our holding does not reach as far as the plaintiff apprehends. We are dealing with the written contract of a compensated surety. And while the agreement is subject to the rules of construction applicable to insurance contracts generally, the rights and duties of the parties are to be enforced according to the terms of their undertaking as expressed in the bond. *Windsor* v. *Standard Insurance Co., supra,* 112 Vt. at 428; *City of Montpelier* v. *National Surety Company,* 97 Vt. 111, 117, 122 A. 484.

The existence of a valid defense and the plaintiff's knowledge of such defense, as well as the opportunity afforded the defendant to assert it, were material to the question of bad faith raised in the defendant's answer. The opinion holds that the exclusion of the defendant's evidence addressed to these issues constituted reversible error. A remand is required to permit the court below to receive the defendant's offer on these questions.

*Motion for reargument denied. Let full entry go down.*