No. 16,576.

EMPLOYERS MUTUAL CASUALTY COMPANY *v*. NICHOLAS.
(238 P. [2d] 1120)

Decided December 10, 1951.

Mr. H. BERMAN, for plaintiff in error.

Mr. EARL J. HOWER, Mr. HAROLD H. HARRISON, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

WE designate the parties hereto as they appeared in the trial court, where plaintiff in error was plaintiff and defendant in error was defendant.

Plaintiff, an insurance corporation, in May, 1947 issued a policy insuring defendant against liability for damage to third persons, arising out of the use of a Dodge truck owned by him. When this policy was issued, the Dodge truck was the only vehicle owned by defendant, who was in the business of hauling sand and gravel. Some time later he acquired a Ford truck, and in August, 1947 he requested authority from the Public Utilities Commission of Colorado to operate as a common carrier. In order to comply with existing laws and the regulations of the Public Utilities Commission, the commission required that he secure a rider to his existing insurance policy. An agent of the commission 'phoned to plaintiff, defendant's insurance carrier, advising its representative of the requirements necessary. Defendant immediately went to plaintiff's office where a rider was issued by it and attached to the insurance policy. This policy was delivered to defendant, who, in turn, without reading same, exhibited the policy to the Public Utilities Commission, whereupon the certificate of authority was issued to him to operate as a common carrier. The Ford truck was later involved in an accident while defendant was operating under this permit. The rider heretofore mentioned provided: "In consideration of the premium stated in the policy to which this endorsement is attached, the Insurer hereby waives a description of the motor vehicle or motor vehicles to be insured thereunder, and agrees to pay any final judgment * * * resulting from the ownership, maintenance or use of any and all motor vehicles and/or trailors, pursuant to a certificate of public conveyance and necessity * * * and further agrees that upon the failure of the Insurer to pay any such final judgment, such judgment creditor may maintain an action in any Court of competent jurisdiction to compel such payment. It is understood and agreed by and between the Insurer and the Assured that the right of any person to recover hereunder shall not be affected by any act or omission of the Assured or of any

employee of the assured with regard to any condition or requirement of said Policy, but all the terms and conditions of the Policy shall remain in full force and be binding as between the Insurer and the Assured; and the Insurer shall be reimbursed by the Assured for any and all loss, costs or expenses paid or incurred by the Insurer which the Insurer would not be obligated to pay under the provisions of the Policy independent of this endorsement."

While operating the Ford truck in October, 1947, defendant was involved in a collision with an automobile driven by one Howell, who made claim for personal injuries and property damage. Plaintiff then entered into negotiations with Howell which culminated in a compromise settlement on June 29, 1948 by which the insurance carrier paid Howell $1,250. Following this settlement, plaintiff demanded reimbursement from defendant, who denied any liability to plaintiff, and it thereupon instituted suit to recover the amount paid by the company to Howell.

Issue was joined. Among other matters, defendant denied liability; denied that plaintiff's settlement was the best and most reasonable settlement plaintiff could make; alleged that the settlement was made without his knowledge or consent, and further alleged that plaintiff in making such payment without a final judgment in favor of Howell against defendant "assumed the responsibility of such payment, and, therefore, defendant is not liable [therefor]." Judgment was rendered for defendant.

As hereinabove stated, the Ford truck operated by defendant was, on October 30, 1947, involved in a collision with an automobile operated by Howell. In this accident defendant was rendered unconscious for a considerable length of time and was unable to give details as to how the collision occurred. In a subsequent written statement to plaintiff, he said: "I do not recall anything that happened at the scene of the accident, before or

afterwards." Howell moved to Chicago, Illinois after the accident, and was not called as a witness in the instant case. Demand having been made by Howell for the damages he claimed, plaintiff promptly served on defendant a nonwaiver notice denying its liability under the policy and advised him that whatever had been done or would be done by it, would be without waiver of plaintiff's right to demand reimbursement from defendant. The only witnesses in the trial court were the claim agent of plaintiff, and defendant.

■ Counsel for plaintiff strongly rely on *Illinois Casualty Co. v. Krol*, 324 Ill. App. 478, 58 N.E. (2d) 473. The facts in that case amply justify the conclusions of law announced by the court. It was therein stated: "In order to recover, plaintiff was of course obliged to prove that the settlement was fair, that defendant was liable to the claimants, and that the whole transaction was conducted in good faith. Defendant stipulated to facts which assume that all these elements were present in the case at bar."

In the instant case no such stipulation was made. Doubtless plaintiff acted in good faith and made as advantageous a settlement as was possible, yet it offered no evidence to show "that defendant was liable" to Howell. In fact nothing appears in plaintiff's complaint to show that Howell's damages, if any, were the proximate result of defendant's negligence. In all cases to which we have been referred by plaintiff's counsel there was ample evidence of the liability of the insured to a third party claimant. Here the record is devoid of any evidence showing that defendant was liable to Howell for any act or omission on his part at the time of the accident.

By the rider attached to the insurance policy under consideration herein, plaintiff agreed to pay any judgment recovered against defendant arising out of his operation of any motor vehicle, under his Public Utilities Commission permit. No such judgment was obtained.

Such a judgment, had one been entered, would, of necessity have established negligence, and liability to Howell. Plaintiff did not see fit to demand a judicial determination of defendant's liability, neither did it attempt to fix his liability for the accident by any evidence in the instant case.

Plaintiff contends that because the original policy of insurance provided that, "the company shall have the right to make such investigation, negotiation and settlement of any claim or suit as may be deemed expedient by the company," it had authority to settle and compromise Howell's claim. Had the accident occurred while defendant was driving the Dodge truck this doubtless was true, but no claim for recoupment could devolve on defendant, unless it was shown that he was liable to the third party claimant by reason of his negligence. This settlement clause could give plaintiff no greater right to recover the payment voluntarily made by it even though read into the rider. Nothing appears in the record to show that defendant was negligent. For ought that appears, Howell may have proximately caused the accident by his contributory negligence, and the damages sustained by each party may have been the result of an unavoidable accident.

The evidence doubtless led the trial court to conclude, as we do, that defendant knew nothing about the reimbursement clause in the rider until long after the accident occurred. He was not consulted about the settlement, and neither expressly nor impliedly approved it.

As plaintiff failed to make a case against defendant, accordingly the judgment of the trial court is affirmed.