**Farm Bureau Mut. Auto. Ins. Co. v. Romeo Houle et al**

(102 A2d 326)

November Term, 1953.

Present. **Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.**

Opinion Filed January 5, 1954.

*John Molla* for the defendant.

*Edmunds, Austin & Wick* for the plaintiff.

**Adams, J.** This is a proceeding in chancery praying for a declaratory judgment and injunction under the provisions of the Uniform Declaratory Judgments Act, V. S. 47, chapter 77. The plaintiff seeks a declaration as to whether an insurance policy issued by the plaintiff to the defendant, Houle, affords him protection by reason of a certain automobile accident. An injunction was issued enjoining the defendant, Hebert, from further prosecuting until final determination of these proceedings an action at law already brought by him against Houle for injuries arising out of the accident.

The defendant, Hebert, demurred to the bill setting up several grounds therefor. He also filed an answer. The demurrer was brought on for hearing and overruled. Exceptions were allowed Hebert. The cause was passed to this Court pursuant to V. S. 47, §2124 for determination of these exceptions before final adjudication. The defendant, Houle, did not appear, filed no pleadings and took no part in these proceedings. Therefore, when we speak of the defendant in this opinion it will refer only to Hebert.

The purpose of a demurrer being to test the sufficiency of the bill, it must be based exclusively on matters apparent on the face thereof. No fact can be considered unless it appears on the face of the bill. *Vt. Hydro-Electric Corp.* v. *Dunn*, 95 Vt 144, 152, 112 A 223, 12 ALR 1495; *Smith* v. *Highway Board*, 117 Vt 343, 345, 91 A2d 805.

The material facts alleged in the bill are as follows: That on December 14, 1948, the plaintiff issued a "named operator" auto liability insurance policy to Houle effective until December 14, 1949; that no automobile is described in the policy as owned by Houle or insured therein and that no coverage exists on any automobile owned by the named operator insured. On or about November 26, 1949, an automobile owned by

Houle and driven by one Blanchard was involved in an accident and Houle was present in the car at that time. Hebert was also riding in the car and claims to have been injured. On February 15, 1952, Hebert started an action in the Washington County Court against Houle, claiming damages for alleged injuries arising out of the accident and attempting to recover under item 3F of the policy issued by the plaintiff to Houle. An appearance was entered by Austin & Edmunds for Houle in said suit on April 5, 1952. Since that date the plaintiff has, after an investigation of the facts and an examination of the law involved, determined that no insurance coverage exists in favor of Houle under the policy. The plaintiff is informed and believes that if Hebert secures judgment against Houle that he, Hebert, intends to bring an action on the policy for the recovery of the judgment and take the position that the defense of his action against Houle by the plaintiff would preclude and estop the plaintiff from setting up any defense as to insurance coverage under the policy. The plaintiff is informed and believes that it is the intention of Houle to take the position that the defense by the plaintiff of the Hebert action would preclude and estop the plaintiff from setting up any defense as to the inapplicability or invalidity of the policy as to Houle. The vehicle of Houle when driven by Blanchard involves further claims and actions against Houle on the basis of the policy. The plaintiff has attempted to secure from Houle an agreement wherein it could defend him in the Hebert action and at a later date determine the question of insurance coverage but has not obtained one. The plaintiff is without an adequate remedy at law and unless relief is granted immediate loss or damage will result.

We follow the order of the defendant's brief in discussing the grounds of his demurrer. I. THE PETITION IS WITHOUT EQUITY. (1) The plaintiff has an adequate remedy at law. He relies upon the cases of *Beatty* v. *Employers Liability Ins. Corp.*, 106 Vt 25, 168 A 919, and *Mancini* v. *Thomas*, 113 Vt 322, 34 A2d 105, wherein he says it is held that when an insurance company is called upon to assume liability under an insurance policy in connection with an automobile accident it may (1) deny liability; (2) if doubtful as to its position

it may take over the defense under a reservation of rights agreement; (3) it may take over the defense without reservation. The facts in these cases are so much different from the facts in the instant case that they are not in point. The Beatty case at page 33 makes the rights of the insurer as stated above conditional upon knowledge of the facts. The same is true in the Mancini case at page 329. In the instant case the bill shows that the only thing done after the suit was brought was the entering of an appearance for Houle; that after such date the facts were investigated and then the insurer attempted to procure from Houle, the insured, an agreement under which it could defend with reservations but it had not obtained one. This conduct on the part of Houle forces the insurer, unless it has another remedy, into the position of having to defend, or denying liability and not defending and taking its chances on how effective Houle's defense might be and then being subject to a suit on the policy in case Hebert obtained a judgment. In addition to this the bill, as we have seen, further alleges that the vehicle when driven by Blanchard involves further claims and actions against Houle on the basis of the policy.

The defendant cites in support of his position cases which hold that equity will not interfere when there is an adequate remedy at law. These were decided before the Uniform Declaratory Judgments Act was adopted in this jurisdiction. The statute is remedial and should have a liberal construction. There are many cases which hold that a proceeding for a declaratory judgment is a cumulative remedy and jurisdiction is not absolutely barred by the existence of some other remedy. In that class of cases when a controversy exists a proceeding for a declaratory judgment may be maintained. *Curtis* v. *O'Brien*, 117 Vt 52, 58, 84 A2d 584. We hold that when, as here, the insured does not cooperate so that the insurer may obtain from him an agreement allowing it to defend with reservations, a petition for a declaratory judgment to determine the coverage under the policy may be maintained.

(2) Equity will not relieve a party against a mistake of law. All the defendant says under this heading is that the

plaintiff misapplied the law because it elected to take over the defense of the action without securing a reservation of rights agreement. This is inadequate briefing and merits no consideration. However, we repeat, that the petition shows that the attorneys entered an appearance and then were unable to secure a reservation of rights agreement from the insured.

(3) Equity aids the vigilant, not those who sleep on their rights.

■■ (4) A court of equity will not afford relief to a party who has acted in ignorance of facts which he could have ascertained by the exercise of due diligence and inquiry. The defendant relies upon laches as the basis for these two grounds. He relies in his brief upon matters that do not appear in the bill. This cannot be done by demurrer. *Smith* v. *Highway Board, supra,* 117 Vt at 345, 91 A2d 805. As to laches, it is well settled in this jurisdiction that this defense cannot be raised by demurrer. *Scully* v. *Dermody,* 110 Vt 422, 427, 8 A2d 675, and cases cited.

■ (5) He who comes into equity must come with clean hands. Here again the defendant in his brief relies upon matters that do not appear in the bill. All that appears is that the attorneys who entered an appearance for Houle in the law suit now appear for the plaintiff in this action in which he is one of the defendants and from the record only a passive one. If Houle had been cooperative and signed a reservation of rights agreement for the plaintiff, it could then have defended Hebert's action against Houle with impunity. If Hebert procured a judgment and sued the plaintiff thereon the question of coverage would have been open. Hebert, on the allegations of the bill, has not been injured, damaged or prejudiced, by the plaintiff bringing this proceeding to have the question of insurance coverage determined first. Such must appear before the foregoing maxim may be successfully invoked. 19 Am Jur, Equity, §474 p. 328. The cases cited by the defendant are not in point. They apply to conduct of attorneys after the facts were known which is not the situation here under the allegations of the bill.

II. WAIVER AND ESTOPPEL. Here again, the defendant briefs matters that do not appear in the bill. We confine ourselves to the allegations in the bill, namely, that the plaintiff, by its attorneys, entered a general appearance in Hebert's action against Houle, after that investigated the facts, tried to get a reservation of rights agreement from Houle, and were unsuccessful and then brought this bill. Assuming without deciding that waiver and estoppel need not be pleaded as a defense but can be raised by demurrer, they are not available to the defendant under those allegations.

Waiver and estoppel as applied to contracts of insurance, are terms which are interchangeably used, and in each case the meaning and result are the same. Yet they are essentially different in their elements. A waiver involves the act or conduct of one of the parties to the contract, only. An estoppel involves the act or conduct of both parties to the contract. A waiver is the intentional relinquishment of a known right. It involves both knowledge and intent. Estoppel may arise when there is no intent to mislead. A waiver does not necessarily imply that one has been misled to his prejudice or into an altered position. An estoppel always involves this element. *Beatty* v. *Employers Liability Assurance Corp.*, 106 Vt 25, 31, 168 A 919; *Mancini* v. *Thomas*, 113 Vt 322, 327, 34 A2d 105. He who claims an equitable estoppel must show that he has been misled and thereby prejudiced by the conduct of the other party. *Hoadley* v. *Hoadley*, 114 Vt 75, 81, 39 A2d 769. It is an essential element in estoppel that the party claiming it was induced to act or refrain from acting by it and thus relying and induced did take some action. *Royce* v. *Carpenter*, 80 Vt 37, 46, 66 A 888; *Kimball* v. *New York Life Insurance Co.*, 96 Vt 19, 30, 116 A 119.

Here, the allegations in the bill do not show knowledge of the facts by this plaintiff, the insurer, at the time it entered its appearance for Houle, the insured, in the suit against him by Hebert. In fact, they impliedly negative it. Neither can any intent to mislead be shown from them. There was no waiver on the facts alleged.

■■ Here, the defendant, Hebert, had no contractual relation whatever with the insurance company. He was not one of the parties to the contract of insurance so cannot invoke an estoppel against the insurer. An estoppel can operate neither in favor of nor against strangers. *Antone v. New Amsterdam Insurance Co.*, 335 Pa 134, 6 A2d 566. Estoppels are and must be mutual and they operate only upon and in favor of the parties and their privies. *Smith v. Vermont Marble Co.*, 99 Vt 384, 391, 133 A 355 and cases cited.

The facts alleged in the bill do not show that Hebert, because the plaintiff entered an appearance for Houle, has acted or refrained from acting and then relying and induced did take some action and was misled or prejudiced thereby. There was no estoppel on the facts alleged.

III. EXTENSION OF COVERAGE. The defendant, apparently, in his demurrer, claims laches, waiver and estoppel as the basis for this ground. Our holding that laches cannot be raised by demurrer and that there was no waiver or estoppel disposes of this claim. In his brief and on oral argument he sets forth several grounds pertaining to extension of coverage that are contained in his answer and are not raised by the demurrer so they are not before us. *Gleason v. Carpenter*, 74 Vt 399, 403, 52 A 966.

■ Some of the grounds of the demurrer do not appear on the face of the bill. Special matter not apparent on the face of the bill must be shown by plea or answer. A demurrer based upon such extraneous facts is bad as a speaking demurrer and properly overruled. *Vermont Hydro-Electric Corp. v. Dunn, supra*, 95 Vt at p. 152, 112 A 223, 12 ALR 1495; *Town of Randolph v. Lyon*, 106 Vt 495, 498, 175 A 1.

We have considered all matters properly raised by the demurrer as briefed by the defendant. There was no error in overruling the demurrer.

*Order overruling the demurrer of the defendant, Hebert, affirmed and cause remanded.*