JAMES E. MANGAN'S ADMX. *v.* BERNARD J. SMITH, JR.

(78 A2d 12)

Special Term at Rutland, November, 1950.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed January 2, 1951.

*Bloomer & Bloomer* for the plaintiff.

*Philip M. M. Phelps* for the defendant.

SHERBURNE, C. J. This is a petition to vacate the close jail

certificate upon the execution in this case, upon which the defendant was committed to the county jail, brought on October 6, 1949, after his voluntary escape and after his return to jail. The cause comes here upon the plaintiff's exceptions to the order vacating the close jail certificate.

As shown in *Mangan* v. *Franzoni,* 116 Vt 351, 75 A2d 665, this plaintiff, on April 4, 1949, brought an action against the sheriff and keeper of the jail for such escape, and has prosecuted such suit to judgment. In that cause we held the sheriff was liable for a voluntary escape.

The petition alleges facts substantially like those narrated in the opinion in that' case and shows on its face a voluntary escape. The bill of exceptions shows that the plaintiff was summoned to appear at the hearing upon the petition, and that she appeared and objected to it only on the ground that it was not in order, since the defendant had already escaped, and that the exceptions to the order were taken so that the plaintiff's rights might not be prejudiced, and that later claim might not be made that she had waived her claim that there was an escape.

██ The sheriff cannot lawfully retake a voluntary escapee, but the creditor may, or he may have his remedy against the sheriff by an action for the escape, or against the debtor by an action of debt on the judgment. *Farnsworth* v. *Tilton,* 1 D Chip 297. Even if the prisoner should voluntarily return into custody, the sheriff cannot detain him unless the plaintiff will affirm him to be in execution. 19 Am Jur, Escape, Prison Breaking and Rescue, § 50, citing *Hoagland* v. *State,* 32 Ind App 204, 40 NE 931, 59 NE 336, 72 Am St Rep 298; *Lansing* v. *Fleet,* 2 Johns Cas (NY) 3, 1 Am Dec 142. An action against the sheriff for an escape is an election to consider the debtor out of custody, and the creditor cannot afterwards oppose his discharge. *McElroy* v. *Mancius,* 13 Johns. 121. Nor can the creditor retake the debtor and have his remedy against the sheriff for the escape. He may have either remedy but not both. *Richardson, Exr.* v. *Rittenhouse,* 40 NJL 230.

█ An election of remedies is an affirmative defense which must be pleaded and proved by the defendant. *Owens* v. *Lane Construction Co.,* 105 Vt 421, 426, 168 A 549; *Gardner* v. *Gauthier,* 101 Vt 147, 151, 141 A 682. *Mangan* v. *Franzoni, supra,* went to judgment without any such defense being interposed, and it is now too late for the defendant in that case to raise any claim that

the plaintiff has waived her claim that there was an escape. The plaintiff has not been prejudiced in his action against the sheriff, and has not shown in her brief how she could be in any way harmed or prejudiced by the order vacating the certificate.

Since the sheriff could not lawfully detain the defendant after his return, it follows that he was not confined in jail within the meaning of V. S. 47, § 2278, which relates to petitions to vacate a close jail certificate. With the petition showing on its face a voluntary escape it was error for the court to order the close jail certificate vacated. However, the plaintiff, having elected to pursue her remedy against the sheriff, no longer has the right to oppose the defendant's discharge, or to recommit him on an alias execution. Consequently the plaintiff has no further interest in what has been done about the close jail certificate, and the whole matter has become moot. We have repeatedly refused to entertain moot cases. *Johnson* v. *Saindow,* 99 Vt 436, 134 A 585, and cases cited. See also 3 Am Jur Appeal and Error, § 733. *Exceptions dismissed.*