**Harold E. Armstrong v. Hanover Insurance Company, Joseph E. O'Connor and Town of Mount Holly**

[289 A.2d 669]

No. 76-71

Present: Shangraw, Barney, Smith and Keyser, JJ., and Hill, Supr. J.

Opinion Filed February 1, 1972

Motion for Reargument Denied April 4, 1972

*Bloomer & Bloomer,* Rutland, for Plaintiff.

*Divoll & Buckley,* Bellows Falls, for Hanover Insurance Company.

**Keyser, J.** This is an action for a declaratory judgment that Hanover Insurance Company is bound to appear and defend the plaintiff-appellee, its insured, in a suit brought against him as a consequence of an automobile accident.

The accident occurred on June 22, 1968. The appellee was an employee of the highway department of the town of Mount Holly and had been for many years. On the date in question the road commissioner of the town instructed the appellee to go to Rutland and drive a 1962 International truck back to the town garage at Mount Holly, it having been there about three weeks for an inspection. On this trip the appellee became involved in an accident.

Operating this truck was not the usual type of work of the appellee's employment by the town. In fact, just about every day his work was to operate a payloader which the town bought in 1965. The appellee worked every other Saturday for the town at its garage doing minor maintenance work on the equipment of the town. It was only occasionally that he drove the truck in question.

On September 16, 1968, the operator of the other car involved brought suit against the appellee therein seeking to recover damages claimed to have been suffered as a result of the accident. The appellee promptly gave notice of the suit to the appellant's local insurance agent from whom the appellee had purchased his policy. On October 25, 1968, the agent noti-

fied the appellant insurance company of this claim by letter. On October 29, 1968, the agent received a reply by which it denied coverage under its policy issued to the appellee. The sole ground stated in the letter as found by the court (No. 19) was "that there was no coverage under said policy because the truck Harold Armstrong was operating at the time of the accident was a vehicle furnished to him for his regular use, and did not come within the policy definition of a 'non-owned automobile.'" This letter was made available as to the appellee by the insurance agent as it was written to the agent in response to Armstrong's request to be defended in the pending lawsuit. Following the receipt of this information the appellee retained counsel and incurred expense in defending said suit.

Nearly two years later, on October 22, 1970, the appellant wrote the appellee restating its claim of non-coverage at the time of the accident because the vehicle did not meet the policy definition of a non-owned automobile and that it was regularly used by the appellee. Also, in this letter of October 22, the appellant added a second and further reason for denying coverage, viz: "The policy does not apply . . . to a non-owned automobile while maintained or used by any person while such person is employed or otherwise engaged in (1) the automobile business of the insured or of any other person or organization, (2) any other business or occupation of the insured . . . ."

The decree of the court below required the appellant to defend the appellee in the pending lawsuit and to pay appellee the costs he had incurred in the defense of said suit. The insurance company appealed.

Appellee's insurance policy provides, in relevant part, as follows:

> "'Non-owned automobile' means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile."

> "'Utility automobile' means an automobile other than a farm automobile with a load capacity of fifteen hundred pounds or less of the pick-up body, sedan delivery or panel truck type not used for business or commercial purposes."

■  The appellant first claims the chancellor erred in refusing to allow its inquiry concerning the identity of the insurance carrier of the town of Mount Holly and its coverage. Subsequent to the appeal, the parties resolved this issue by stipulation. Since it no longer exists, it is a moot question and is not for our consideration. *Mangan's Admx.* v. *Smith,* 116 Vt. 401, 403, 78 A.2d 12 (1951).

Appellant's second assignment of error is to Findings No. 17 and No. 18 which were exactly opposite to appellant's requested findings numbered 12, 13 and 18. The court's findings read as follows:

> "17. The 1962 International truck which Mr. Armstrong was operating on June 22, 1968 was not an automobile furnished to him for his regular use."

> "18. The 1962 International truck was a non-owned automobile within the meaning of the policy."

■■  The prescribed law of this state is that findings must stand if there is any credible evidence which fairly and reasonably supports them, and this Court must construe them so as to support the judgment, if possible, and, further, that the weight of the evidence, the credibility of the witnesses and the persuasive effect of the testimony is for the sole determination of the trier of fact. See 12 V.S.A. § 2385; *Anderson* v. *Knapp,* 126 Vt. 129, 134, 225 A.2d 72 (1966); *National Grange Mutual* v. *Churchill,* 126 Vt. 428, 432, 234 A.2d 334 (1967).

Contrary to the appellant's claims, the evidence indicates without dispute that the truck in question was not furnished by the town for the regular use of the appellee. The evidence established that the vehicle furnished for the regular use of Armstrong by his employer was a payloader purchased by the town in 1965; that he operated this equipment "just about every day" and seldom operated any truck owned by the town, including the International. Both Findings Nos. 17 and 18 have logical and well-grounded support in the evidence and warranted the court in making them. Thus, by Finding No. 17 the town truck being operated by the appellee is brought within the policy definition of a "non-owned automobile."

Hanover argues that the appellee went to Rutland "in line with his regular occupation" with the town to return the vehicle to Mount Holly. This is not the language of the policy. The wording there being "furnished for the regular use" of the insured.

The meaning of the words "regular use" are plain and are not subject to the meaning given to them by Hanover.

The appellant also maintains that the intent of the definition of "non-owned automobile" under Part I of the policy is to exclude the vehicle in question from coverage. Appellant argues that the clause is to afford a temporary insurance expedient to protect the insured's operation of a borrowed vehicle and to extend the policy coverage to the vehicle in question would be unreasonable and materially increase the risk contemplated by the insurer.

In support of this contention the appellant cites *Harte* v. *Peerless Insurance Co.*, 123 Vt. 120, 124, 183 A.2d 223 (1962). That case, however, concerned the coverage of an automobile which was allegedly borrowed while the car named in the policy was not functioning. The contention of the insurance company was that the car named in the policy was abandoned, and, therefore, the automobile borrowed was not intended to be of use only until the automobile named in the policy was returned to normal use. The *Harte* case is not applicable to the facts in the case at bar as the International truck was neither a borrowed or substitute vehicle.

■ A contract of insurance is to be construed according to its terms and the evident intent of the parties is to be gathered from the language used. *Noyes* v. *Commercial Travelers*, 125 Vt. 336, 338, 215 A.2d 495 (1965).

■ The policy definition in the case at bar of a "non-owned automobile" is not limited to a temporary substitute automobile while the automobile named in the policy is out of commission. "Non-owned automobile means an automobile . . . not owned or furnished for the regular use of . . . the named insured . . . a temporary substitute automobile." A temporary substitute automobile is defined in the policy as "an owned automobile." This wording indicates that the risk contemplated by the insurer was for the operation of both an

automobile ". . . not furnished for the regular use of . . . the named insured . . ." and ". . . a temporary substitute automobile."

Findings Nos. 17 and 18 are supported by the evidence and must stand. *National Grange Mutual* v. *Churchill, supra.*

The appellant next excepted to Finding No. 19 reading as follows:

> "19. Any other reasons now asserted by Hanover for denying coverage were waived by its failure to include them in its October 29, 1968 letter, or otherwise assert them in a timely manner."

Hanover argues that the court erred in not allowing it to assert reasons for its second ground of disclaimer set forth in its belated letter of October 22, 1970.

The rule of law that applies to this situation is found in *Cummings* v. *Connecticut General Life Insurance Co.,* 102 Vt. 351, 360, 148 A. 484 (1930), which states "[W]hen one defense is specified by an insurer as its reason for refusing to pay a loss, all others are waived." The appellant contends that in order for an insurer to be prevented from raising defenses following an initial statement specifying reasons for denying coverage, the insured must be shown to be mislead or prejudiced by the failure to timely raise a defense, citing *Farm Bureau Insurance Co.* v. *Houle,* 118 Vt. 154, 102 A.2d 326 (1954), in support of this contention.

In the *Farm Bureau* case, the insurer contended that although it wished to defend the insured, it still wanted to have the right to raise the defense that the policy did not cover the insured which it could do only if the insured signed an agreement permitting it. The insured refused. The insurer requested a declaratory judgment to determine whether coverage did in fact exist for the insured. The court held there was no waiver by the insurance company in entering an appearance for its insured in a law action for damages.

In the instant case the insurer gave no indication whatever in its letter of October 29, 1968, that it reserved, or desired to reserve the right, to raise any reason for denying coverage. Hence, the principles of waiver and estoppel as

explained in *Farm Bureau Insurance Co.* v. *Houle, supra,* do not here apply.

In the *Cummings* case, *supra,* 102 Vt. at 360, the court quoted the holding in *Webster* v. *State Mutual Fire Insurance Co.,* 81 Vt. 75, 80, 69 A. 319 (1908), that "[W]hen an insurer elects not to take advantage of a forfeiture, he waives it, and cannot assert it in defense, though the insured was not mislead to his prejudice." It is apparent that in the *Cummings* case, *supra,* the court affirmed this rule of law stated in the *Webster* case. Thus "misleading to the prejudice of the insured" is not a required factual element to bring the *Cummings* rule of law into operation. This rule of the *Cummings* case, quoted *supra,* was reaffirmed in *Middlebrook* v. *Bankers' Life,* 126 Vt. 432, at 435–36, 234 A.2d 346 (1967). It is significant that in both the *Cummings* and *Middlebrook* cases that the factual situations that brought the *Cummings* rule of law into operation was the assertion of reasons for denial of coverage other than those first asserted prior to litigation. In the factual situation in the case before us, the insurer, immediately following notification that suit was pending against the insured, specified as its only reason for denial of coverage that the vehicle was furnished for the regular use of the insured and thus was not embraced within the definition of a "non-owned vehicle." The matter of insured's employment was not injected as a ground of disclaimer until two years later by the insurer's letter of October 22, 1970. It was even later than this by appellant's answer in this action that it raised the question of the vehicle being a dump truck and thus did not fit the definition of a "non-owned automobile."

Hanover is estopped from asserting the additional defense by the foregoing settled principle of law. There was no error in the ruling of the court below.

*Decree affirmed.*