# Joseph Teitelbaum v. A. Gerald Merklinger, et al.

[333 A.2d 91]

No. 117-73

Present: **Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.**

Opinion Filed February 4, 1975

*Theriault & Joslin,* Montpelier, for Plaintiff.

*Paterson, Gibson, Noble & Brownell,* Montpelier, for Defendants.

**Barney, C.J.** The plaintiff, the defendants, and others formed a corporation, Future Dimensions, Inc., in order to market a certain invention through licensing and royalty rights. The first transaction was to acquire these rights from another corporation by purchase.

The plaintiff borrowed twenty thousand dollars from a Connecticut bank for this purpose and received five thousand dollar promissory notes from A. Gerald Merklinger, and from one Hearn and one Harvey. Due to a dispute over marketing rights within the parent company resulting in litigation, Future Dimensions, Inc., has failed to produce the anticipated profits and repay the twenty thousand dollars outlay. As a result, the plaintiff has sought recovery against the defendant on the five thousand dollar note. He no longer seeks to hold the defendant as guarantor of the notes of Hearn and Harvey.

The lower court, having made findings, denied recovery on the note. In addition to the facts already stated, the court found that the twenty thousand dollars and the several notes representing that obligation were to be repaid out of the profits of the corporation, including the carrying charges of

the obligations. It is not disputed that the corporation did in fact make one payment to the plaintiff of one thousand dollars on the principal plus some interest charges. This the court found to be evidence substantiating the contention of the defendants that the plaintiff was to look to the corporation for repayment.

The court went on to find that the notes were executed after the twenty thousand dollars was paid over to the corporation, and that no consideration moved from the plaintiff to the defendants in support of the claimed obligation. A certain attempted mortgage was offered in evidence of a contract of guarantee, but it failed to satisfy the court below that there was in fact any such guarantee. We do not understand that this issue is now in the case, so we do not pass upon it other than to point out that on this question, like all others, the weighing of the evidence is the function of the trial court. *Armstrong* v. *Hanover Ins. Co.*, 130 Vt. 182, 289 A.2d 669 (1972).

The plaintiff contends that, upon execution of the note to him by Merklinger, the plaintiff became a holder in due course entitled to enforce the note according to its terms. But the evidence, all of which came from the plaintiff himself as the only witness, sustains the finding of the court that no consideration supported the note, as distinguished from the corporate obligation. In such a case, the plaintiff, who accepted the note with full knowledge of the whole transaction, and without giving anything of value for it, could not be a holder in due course. 9A V.S.A. § 3—302.

In view of the facts found and supporting testimony, the lower court correctly found that the note executed by the defendants in favor of the plaintiff, being without consideration, was not an enforceable obligation against the defendants.

*Judgment affirmed.*