## Remo Segalla v. United States Fire Insurance Company, et al.

[373 A.2d 535]

No. 96-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed April 5, 1977

Motion for Reargument denied April 28, 1977

*Bloomer & Bloomer*, Rutland, for Plaintiff.

*A. Hays Butler* of *Miller & Norton*, Rutland, for Defendant.

**Daley, J.** This is an appeal from a judgment entered in favor of the defendant insurance company in a petition for declaratory judgment brought by the plaintiff to compel it to appear, defend and pay any judgment which might be rendered against the plaintiff in a separate civil action brought by the owner of a building which collapsed while its construction was being supervised by the plaintiff.

At the time of the collapse of the building, the plaintiff was the named insured in a comprehensive general liability policy issued by the defendant. The insurance carrier, upon being notified of the civil action brought against the plaintiff, disclaimed coverage by relying upon certain exclusion clauses contained in the policy, not in issue here.

The plaintiff subsequently brought his petition for declaratory judgment against the insurance carrier and certain other named defendants. In order for this Court to treat the judgment as a final judgment under V.R.C.P. 54(b), the plaintiff has stipulated to a dismissal of his action against all named defendants other than the insurance company. By virtue of this dismissal, it will not be necessary to reach the issues raised in the cross-appeal filed by such defendants.

In his petition, as amended, the plaintiff alleged that:

> On or before April 18, 1973, the plaintiff ordered from a duly authorized agent of the defendant United States Fire Insurance Company, Inc. an insurance policy covering all phases of his operations as a general contractor. The plaintiff relied on the representations of the defendant insurance company's agents that such insurance was available and was incorporated in what was called a "comprehensive general liability policy".

The claimed agent of the insurer is a Rutland insurance agency, Kinney, Pike, Bell & Conner, Inc., hereinafter referred to as the agency.

Contrary to the allegations of the amended complaint, the superior court found and concluded that the agency, in procuring the policy for the plaintiff, was acting as agent for the plaintiff. The court then concluded that the policy, as issued by the carrier, did not provide coverage for the collapse of the building.

The plaintiff appeals, contending that the question of agency was not an issue before the superior court and that the court's findings and conclusions relating to agency are not supported by the evidence. In addition, the plaintiff challenges the superior court's failure to find that the insurance company had waived any defense of lack of an agency relationship.

The evidence shows, and the superior court found, that after the plaintiff entered into the agreement to supervise the construction of the building in Brandon, Vermont, he went to Mr. Pike, an officer of the agency, in order to obtain insurance coverage for this job. At that time, he advised Mr. Pike of circumstances of his employment and its conditions. He also informed him of the manner in which the workmen on the job were to be paid. The court further found that the plaintiff stated to Mr. Pike that he desired to be completely covered for all risks arising out of the job. Although not found by the court, it is undisputed that Mr. Pike knew that the plaintiff was a general contractor. It is also evident that the plaintiff entrusted to the agency the task of securing whatever coverage was required under the circumstances disclosed to Mr. Pike and that the plaintiff relied upon his representation that he would do so.

■■ The focal question is whether the agency, in procuring the policy, or in failing to obtain the protection requested by the plaintiff, was acting as an authorized agent of the insurer. From the evidence, it cannot be determined whether any other insurance companies were doing business with the agency. The record is also silent upon the question of whether the agency had been appointed or employed by the insurer. Our statutes define an insurance agent as "an individual appointed by an insurer to solicit applications for a policy of insurance or to negotiate a policy of insurance on its behalf". 8 V.S.A. § 4791(1)(Cumm. Supp. 1976). Insurance agents have a fixed and permanent

relation to the insuring companies and have certain duties and allegiance to those companies. 16 J. Appleman, Insurance Law and Practice § 8725 (1968).

Contrary to the allegations of the amended complaint, the plaintiff, in direct examination, when asked if he had read the policy sent to him by the agency, replied, "Well, I hired an agent and I anticipated that he would take care of all my needs in this particular insurance." This testimony, in the absence of any evidence of an appointment or employment by the insurer, was sufficient to present a question of fact for the superior court's determination. Furthermore, the plaintiff, by his amended complaint, sought to bind the insurer for the acts or neglects of its alleged agent. Having done so, the plaintiff assumed the burden of proving the existence of such a relationship. *Kinsley* v. *Willis*, 120 Vt. 103, 110, 132 A.2d 163 (1957). The evidence adduced at trial failed to establish any express, implied or apparent authority on the part of the agency to act on behalf of the insurer. Since the plaintiff failed to sustain his burden of proof, the superior court upon the evidence could properly have inferred that the agency was acting in the nature of a broker and as such it was the agent of the plaintiff. See *Bardwell* v. *Commercial Union Assur. Co.*, 105 Vt. 106, 114, 163 A. 633 (1933).

The present case is readily distinguishable from *Dodge* v. *Aetna Casualty & Surety Co.*, 127 Vt. 409, 250 A.2d 742 (1969). *Dodge* involved the representations of the insurance company's general agent that the policy in force between the insured and the insurance carrier would afford the insured the desired coverage. The evidence presented in *Dodge* was that the general agent placed virtually all his liability insurance with the defendant insurance company and had authority to bind the carrier. In view of the lack of such an evidentiary showing in the present case, reliance upon *Dodge* will not avail the defendant in his claim against the defendant insurance company.

■  The plaintiff further argues that former 8 V.S.A. § 4802, which provided that insurance companies are to be liable for the acts of their agents, controls the question as to the defendant's liability. However, the demonstration of an agency relationship between the alleged agent and the company is a precondition to invoking the statute's provision. Absent such a showing by the plaintiff in this case, 8 V.S.A. § 4802 does not govern.

The plaintiff's contention that the issue of agency was not an issue for consideration by the superior court is without merit. The plaintiff's amended complaint alleging that the agency was a "duly authorized agent of the defendant" placed this issue before the court. Furthermore, the evidence presented at trial raised issues as to the agency consideration. We therefore hold that the issue of agency was raised by the pleadings and the evidence brought forth at trial; the trial court properly rendered findings of fact and conclusions of law on this issue. *Stevens* v. *Cross Abbott Co.*, 129 Vt. 538, 541-42, 283 A.2d 249 (1971); *Brassard Bros.* v. *Barre Town Zoning Board of Adjustment*, 128 Vt. 416, 420, 264 A.2d 814 (1970).

The plaintiff's final contention is that the superior court erred in failing to find that the defendant had waived its defense with respect to the agency issue. From the record, it appears that the insurer, in February, 1974, notified the plaintiff's attorney by letter that coverage was not afforded under the policy because the damage sustained fell within the terms of an exclusion clause. The plaintiff asserts that by so doing, the insurance company waived any other defenses available to it.

The general principle of law controlling in this jurisdiction is that:

> [W]hen one defense is specified by an insurer as to its reason for refusing to pay a loss, all others are waived. [*Cummings* v. *Connecticut General Life Insurance Co.*, 102 Vt. 351, 360, 148 A. 484 (1930). See also *Armstrong* v. *Hanover Insurance Co.*, 130 Vt. 182, 187-88, 289 A.2d 669 (1972); *Middlebrook* v. *Banker's Life and Casualty Co.*, 126 Vt. 432, 435-36, 234 A.2d 346 (1967).]

The insurer in this case, however, cannot be deemed to have waived its defense that Kinney, Pike, Bell & Conner, Inc., in procuring the policy for the plaintiff, was not acting as the authorized agent of the company. The plaintiff's claim that Kinney, Pike, Bell & Conner, Inc. was an agent of the insurer was first asserted in his complaint dated March 18, 1974. Until this time, the insurer did not know or have reason to know that agency would be an issue of litigation. A waiver is generally viewed as "the voluntary relinquishment of a known right". *Neverett* v. *Towne*, 121 Vt. 447, 457, 159 A.2d 345 (1960). See also 16A J. Appleman, *supra* at § 9081. Under the circumstances of

this case, the insurer cannot be held to have waived a defense to a claim of which it was ignorant at the time of sending the letter. See 18 Couch on Insurance 2d § 71:44 (1968). No error appears.

The superior court's findings, being supported by the evidence before it, justify the conclusions of law made by the court upon the questions of agency and lack of policy coverage for the collapse incident. The order of the court adjudging that the defendant United States Fire Insurance Company is not required to appear on behalf of the plaintiff in the separate civil action, to defend him in that action, or to pay any judgment resulting from such action is correct in law.

*Judgment affirmed.*