# Furgat Tractor & Equipment, Inc. v. Michael Lynn

[376 A.2d 760]

No. 159-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed June 7, 1977

*French & Zwicker,* Brattleboro, for Plaintiff.

*Weber, Fisher, Perra & Gibson,* Brattleboro, for Defendant.

**Barney, C.J.** This is a dispute over a repair bill for a damaged tractor and rotary mower. It is the agreement which is in dispute. The lower court found for the defendant and entered judgment dismissing the plaintiff's case with prejudice.

The defendant's tractor overturned while being used to mow a hillside. It fell on the mower, damaging both it and the tractor. The defendant called the plaintiff to have someone come and pick up the equipment and take it in for repairs. This was done. The plaintiff sent a bill for the repairs of something over $1,500.00. This bill, with associated damages and interest, is the basis of the suit.

The defendant's claim is that at the time the tractor was picked up he spoke to Walter Furgat, plaintiff's president, who was there to get the tractor, indicating he did not want to spend more than $1,000.00 on repairs, since that represented the insurance coverage. He said that Furgat then told him the repairs would not go over that figure. This discussion and reassurance about the $1,000.00 limit was said to have been repeated on several occasions when the defendant was at the plaintiff's place of business to see how things were progressing.

Upon completion of the repairs the plaintiff sent the $1,500.00 bill directly to the defendant's insurance agent without notice to the defendant. The defendant went to the plaintiff's place of business and asked for the bill, and found it to be in the amount now claimed.

The defendant then delivered to the plaintiff a draft on his insurance company in the amount of $1,000.00, and endorsed "In full settlement of all services rendered." The plaintiff retained this draft, dated September 15, 1975, but has not negotiated it.

Both sides introduced testimonial evidence to support their claims. The trial court found the defendant's evidence sufficient to support his version of the contractual arrangement. This Court is obliged to honor that determination, since the trial judge, in this instance, is also the trier of the facts. The evaluation of testimony and allocation of its weight is his function. *Armstrong* v. *Hanover Insurance Co.*, 130 Vt. 182, 185, 289 A.2d 669 (1972).

The plaintiff also challenges the lower court's treatment of the check it retained without negotiating it. Two issues were raised, one involving the court's view of the check as carrying out an accord and satisfaction, the other relating to the court's treatment of the check as involving a valid payment of $1,000.00, even though it was never negotiated and is now stale under 9A V.S.A. § 4-404.

■■ The plaintiff's complaint about the issue of accord and satisfaction relates to the fact that it was never pleaded as required by V.R.C.P. 8. Since the trial court found the true contract between the parties to involve only a $1,000.00 indebtdness, the issue is more properly described as one of "payment" rather than "accord and satisfaction." This issue is also an affirmative defense that should have express pleading under V.R.C.P. 8.

The conduct of the case moved the issues beyond that requirement. The whole dispute in the evidence revolved around whether $1,000.00 was the full debt, or merely a part of the obligation, and the attempted discharge of the obligation by tender of the check was a central fact in that dispute. There was no doubt, at trial, and perhaps even before, that the check was tendered as payment. With that evidence in the case without objection, the right to raise the issue of failure to plead was

overcome by the doctrine of law of the case. *Gregoire* v. *Insurance Company of North America*, 128 Vt. 255, 261, 261 A.2d 25 (1969).

The trial court's treatment of the retention of the check without negotiating it as the equivalent of payment of the $1,000.00 and acceptance of such payment by the plaintiff is fully supported by *Curran* v. *Bray Wood Heel Co.*, 116 Vt. 21, 30-31, 68 A.2d 712 (1949). The judgment is correct as to both form and substance.

*Judgment affirmed.*