# Bernard Weisburgh v. Frank G. Mahady, Richard I. Burstein, Anthony B. Lamb and Paul, Frank & Collins

[511 A.2d 304]

No. 84-068

Present: **Hill, Peck, Gibson and Hayes, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed April 11, 1986

*Pierson, Affolter & Wadhams*, Burlington, for Defendant-Appellee Mahady.

*Edwin H. Amidon, Jr.*, of *Langrock Sperry Parker & Wool*, Burlington, for Plaintiff-Appellant.

*Jess T. Schwidde*, Law Office of *George E. Rice, Jr.*, Montpelier, for Defendant-Appellee Burstein.

*Robert R. McKearin* of *Dinse, Erdmann & Clapp*, Burlington, for Defendants-Appellees Lamb and Paul, Frank & Collins, Inc.

**Hayes, J.** This is an attorney malpractice action which arose out of the failure to timely file a suit for defamation. Plaintiff appeals the superior court's grant of summary judgment for defendants. We affirm.

The underlying facts of the defamation action are as follows. While attending a convention of coin collectors in Boston in August, 1973, plaintiff was arrested for receiving stolen property. The property consisted of several hundred metal and wooden tokens, ornaments, and medallions valued at $505. United Press International (UPI) carried two dispatches of the event. The first dispatch described the value of the tokens and ornaments as approximately $50,000. The second dispatch corrected the amount to $500. After receiving the UPI dispatches, Mt. Mansfield Television (Mt. Mansfield) broadcast a report which stated that plaintiff had been arrested "in connection with the theft of fifty-thousand dollars worth of rare coins." Vermont Publishing Corporation (Vermont Publishing) printed the first dispatch almost verbatim. McClure Newspaper, Inc. (McClure) printed a similar account.

Defendants Mahady and Burstein agreed to represent plaintiff in a libel action against McClure, Mt. Mansfield, and Vermont Publishing. In the present action, plaintiff alleges in his complaint that defendants Mahady and Burstein were negligent in representing him because they failed to commence plaintiff's libel action within the statute of limitations.* Plaintiff sought damages for the amount he could have recovered from the media but for

---

* This Court affirmed the superior court's dismissal of the original action based on failure to timely commence suit. See *Weisburgh* v. *McClure Newspapers, Inc.*, 136 Vt. 594, 396 A.2d 1388 (1979).

the defendants' alleged malpractice. A second level of issues stems from the alleged failure of defendants Anthony Lamb and Paul, Frank and Collins, Inc. to bring a timely action against defendants Mahady and Burstein.

The trial court granted defendants' motion for summary judgment based on the constitutional privilege a news organization enjoys when relying upon a reputable dispatch service, such as UPI or AP, and when publishing an account substantially as reported by such service. We agree with the court's granting of summary judgment, but for a different reason.

■ Summary judgment is appropriate only when there is no genuine issue as to any material fact. V.R.C.P. 56(c); *Hamlin* v. *Mutual Life Insurance Co.*, 145 Vt. 264, 267, 487 A.2d 159, 161 (1984). A party moving for summary judgment has the burden of proof, and the opposing party must be given the benefit of all reasonable doubts and inferences in determining whether a genuine issue exists. *Cavanaugh* v. *Abbott Laboratories*, 145 Vt. 516, 520, 496 A.2d 154, 157 (1985). In summary judgment proceedings, a moving party must satisfy a two-part test. First, the movant must show that no material fact issues exist between the parties. Second, the movant must present a valid legal position that entitles him to judgment as a matter of law. V.R.C.P. 56(c); *Gore* v. *Green Mountain Lakes, Inc.*, 140 Vt. 262, 264, 438 A.2d 373, 374 (1981). A defendant moving for summary judgment satisfies his legal burden when he presents "at least one legally sufficient defense that would bar plaintiff's claim and involves no triable issue of fact." 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2734, at 407 (1983).

Defendants argue on appeal that the publications by McClure, Mt. Mansfield, and Vermont Publishing were qualifiedly privileged. More importantly, defendants argue that plaintiff's defamation action would have been dismissed as a matter of law due to the truth of the allegations contained in the publications. We agree with both of defendants' arguments.

■ News media have a qualified privilege to publish in good faith current news involving violations of the law or public misconduct justifying police interference. This is true even though the publication may disgrace some individuals. *O'Neal* v. *Tribune Co.*, 176 So. 2d 535, 547 (Fla. Dist. Ct. App. 1965). News-dispensing media are privileged to publish actual facts as to the commission of a crime, the arrest, and the charges brought against a per-

son suspected of a crime, as long as the statement does not assert that the person arrested is guilty of the crime. *Id.*

A news item must be accurate or at least substantially accurate to be privileged. *McCracken v. Evening News Association,* 3 Mich. App. 32, 38-41, 141 N.W.2d 694, 697-98 (1966); *Turnbull v. Herald Co.,* 459 S.W.2d 516, 519 (Mo. Ct. App. 1970); 50 Am. Jur. 2d *Libel and Slander* § 252. For the defense of truth to apply, "it is now generally agreed that it is not necessary to prove the literal truth of the accusation in every detail, and that it is sufficient to show that the imputation is substantially true, or, as it is often put, to justify the 'gist,' the 'sting,' or the 'substantial truth' of the defamation." W. Prosser & W. Keeton, The Law of Torts § 116, at 842 (1984) (footnotes omitted).

In the instant case, the principal question is whether the media accounts of plaintiff's arrest were substantially accurate. That question must be answered in the affirmative. In each report, the gist of the story was the account of plaintiff's arrest. If the arrest did not occur, the reports would have been defamatory. Plaintiff, however, has never denied that the arrest took place.

A communication is defamatory "if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Restatement (Second) of Torts § 559 (1977). The essence of plaintiff's defamation action is the difference in effect upon the minds of readers and listeners between a report of being charged with receiving $50,000 worth of stolen coins as opposed to $500 worth of stolen tokens. The sting of the media reports, however, is the *arrest* of plaintiff for *receiving stolen property.* The news account that the property had a value of $50,000 did not alter the essential fact that plaintiff was arrested and charged with receiving stolen property. The effect on the reader's or listener's mind would be no different than that produced by the literal truth. Five hundred dollars is a substantial sum. Furthermore, plaintiff offered no proof that the variance between $500 and $50,000 caused him to suffer damages. See *McCracken, supra,* 3 Mich. App. at 40, 141 N.W.2d at 698 (newspaper publisher did not abuse its qualified privilege by reporting that plaintiff was charged with a $100,000 fraud when, in fact, the warrant specified a $50,000 fraud, because that inaccuracy did not alter effect on reader); *Turnbull, supra,* 459 S.W.2d at 519 (newspaper report that jewelry found in raid at plaintiff's home was valued at

"thousands of dollars," when the value was actually, according to plaintiff, about $500, was not such variance as would cause damage to plaintiff and was sufficiently true to establish defense of truth to charge that statement was defamatory); *Dudley* v. *Farmers Branch Daily Times*, 550 S.W.2d 99, 100-01 (Tex. Civ. App. 1977) (newspaper article stating that plaintiff had been charged in connection with theft of $168,000 worth of material was privileged even if the article magnified the value of the stolen property); *Fort Worth Press Co.* v. *Davis*, 96 S.W.2d 416, 419 (Tex. Civ. App. 1936) (accusation that the mayor of a town wasted $80,000 of the taxpayer's money held to be justified by proof that he wasted $17,500, since there is no more opprobrium attached to the greater amount).

In sum, the media accounts of plaintiff's arrest were privileged because they were substantially accurate. The superior court correctly granted defendants' motion for summary judgment.

*Affirmed.*