**Paul TURGEON, Plaintiff–Appellant,**

**Karen Turgeon, Plaintiff,**

v.

**OPERATING ENGINEERS, LOCAL NO. 98, AFL–CIO, Defendant–Appellee.**

No. 00–7792.

United States Court of Appeals, Second Circuit.

Feb. 2, 2001.

Herbert G. Ogden, Liccardi Crawford & Ogden, P.C.; Jan Peter Dembinski, of counsel, Rutland, VT, for appellant.

Kenneth L. Wagner, Blitman & King LLP, Syracuse, NY, for appellee.

Present McLAUGHLIN and SACK, Circuit Judges, CHATIGNY,* District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

The plaintiff-appellant, Paul Turgeon, appeals from two orders of the district court (J. Garvan Murtha, *Chief Judge*). The first order, issued on October 12, 1999, granted summary judgment to the defendant-appellee Operating Engineers, Local No. 98, AFL–CIO ("the Union") on the plaintiff's state law tort claims. The second order, issued on May 18, 2000, denied the plaintiff's motion to remand to Vermont state court the plaintiff's state law claims that were the subject of the district court's October 12, 1999 order. We affirm the judgment of the district court.

---

Paul Turgeon, formerly a maintenance worker in the Water & Sewer Division of the Town of Springfield's Department of Public Works ("DPW"), and a member of the Union which represents DPW employees, alleges a series of misdeeds committed by various employees of the DPW. Turgeon claims that his mistreatment began in late 1994 after his father-in-law disclosed to the Town that the DPW was performing winter maintenance on some private roads. Turgeon alleges that he was subsequently assigned to undesirable tasks, that he was insulted and verbally harassed by supervisors and co-employees, and that he was denied opportunities for overtime work. After attempting to tape record a meeting with a supervisor, Turgeon was fired on May 22, 1995.

In June 1995, Turgeon's attorney informed the Town that according to Turgeon, DPW employees were buying tires for personal use through the Town at a discount. He also informed the Town that DPW employees were routinely allowed to work on personal vehicles at the DPW garage and that DPW employees had dumped and burned oil in Town well fields.

Later that month, after a grievance hearing, Turgeon was reinstated as a maintenance worker and suspended for three days. Turgeon claims that he continued to receive undesirable work assignments after his reinstatement. In addition, his co-employees allegedly harassed him for revealing to the Town information about the discounted tires and the personal use of the DPW garage. He was repeatedly called a "rat"; he was threatened with assault; his tires were punctured; he found dead rodents in front of his home; his wife's workplace windows were shot; and drawings of rats were put on a workplace bulletin board. Turgeon alleges that one DPW employee, Robert Lucius, who was also the Chief Steward of the Union,

not only verbally harassed the plaintiff but attempted to make him fall. In addition, Lucius threatened him and attempted to provoke fights.

Turgeon stopped working because of stress in late 1995, and he resigned his position with the DPW in early 1996. In February 1998, Turgeon and his wife filed suit in Vermont state court against the Town of Springfield, several DPW supervisors and employees, and the Union for constructive discharge, state and federal civil rights violations, assault, defamation, infliction of severe emotional distress, interference with a business relationship, negligence, conspiracy, and invasion of privacy. The Union was alleged to be vicariously liable for the torts committed by two of its employees, Chief Steward Lucius and Assistant Steward Robert Verge. The case was removed to the United States District Court for the District of Vermont. In a series of orders in September and October 1999, the district court granted the defendants summary judgment on several of the plaintiff's claims, including an October 12, 1999 order in which the court granted the Union summary judgment on all of the claims against it. The plaintiff subsequently moved for reconsideration. The district court granted the motion but affirmed the summary judgment on December 6, 1999. The plaintiff then asked the district court to remand to Vermont state court his state law claims, for which the district court had granted summary judgment to the Union on October 12, 1999.

In March 2000, the plaintiff settled with all defendants with claims still pending against them, which did not include the Union. In May 2000, the district court denied as moot the plaintiff's motion to remand the state law claims against the Union.

The plaintiff appeals (1) the grant of summary judgment on his claims against the Union and (2) the district court's refusal to vacate that judgment and remand so that the plaintiff can relitigate those claims in state court.

The plaintiff's claims of assault, defamation, infliction of severe emotional distress, interference with a business relationship, negligence, and conspiracy against the Union are based on the alleged misconduct of Chief Steward Robert Lucius and Assistant Steward Robert Verge. The district court granted summary judgment to the Union because it held that the alleged torts of these Union employees were not committed "within the scope of the stewards' employment as Union representatives and for the purpose of furthering the Union's business." Thus, the Union could not be held vicariously liable under Vermont law. The plaintiff challenges the district court's decision on four grounds.

■ The plaintiff first argues that the Union's summary judgment motion "violated the spirit (although not the letter)" of Vermont District Court Local Rule 7.1(c)(1) because its Statement of Material Facts lacked references to the record. That rule states: "A separate, short, and concise statement of undisputed material facts must accompany any motion for summary judgment. Failure to submit this statement constitutes grounds for denial of the motion." Although the failure to submit a statement of material facts "constitutes grounds for denial" of a summary judgment motion, the Union *did* submit such a statement. Moreover, even if the failure to provide record citations were construed as effectively failing to submit a statement of material facts, the rule does not *require* that the district court deny the motion. We think it was well within the discretion of the district court to review the record without the benefit of the Un-

ion's citations and to grant the motion based on its view of the merits. *See Somlyo v. J. Lu–Rob Enterprises, Inc.,* 932 F.2d 1043, 1048 (2d Cir.1991); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 923 (7th Cir.1994).

■ The plaintiff next argues that the district court erred in concluding that the Union could not be held vicariously liable for the alleged intentional torts of Lucius and Verge because their acts were not within the scope of their employment with the Union. The Vermont Supreme Court has defined the circumstances in which an employer will be held vicariously liable for the torts of its employee:

> In order to hold a master liable for the acts of his servant it must appear that the act complained of was done to carry out the directions of the master, express or implied, and not to effect some purpose of the servant alone; or, in other words, that the act was done in furtherance of the master's business and within the scope of the servant's employment.

*Anderson v. Toombs,* 119 Vt. 40, 44–45, 117 A.2d 250, 253 (1955) (internal quotation marks omitted). We agree with the district court that there is no evidence that the alleged harassment, threats, assault, and interference with a business relationship were done "in furtherance of the [Union's] business." *Id.* With the exception of the defamation claim discussed below, there is no evidence that the Union expressly or impliedly authorized the alleged actions of its stewards. We therefore conclude that the Union should not be held vicariously liable for the acts of its stewards.

■ One exception to our conclusion that the alleged misdeeds of the stewards were not within the scope of their employment with the Union are several allegedly defamatory statements made by Lucius.

Although these statements were made by Lucius in his capacity as a representative and spokesman for the Union, we conclude that they are not defamatory under Vermont law because they were either "substantially true" or obvious exaggerations. *See Weisburgh v. Mahady,* 147 Vt. 70, 73, 511 A.2d 304, 306 (1986).

■ The plaintiff also challenges the district court's summary judgment order for failing to address the plaintiff's claim that the Union negligently supervised Lucius and Verge, thereby allowing them to commit the alleged wrongs against Turgeon. We reject this theory of liability because the Union had no legal duty to ensure that its stewards did not injure Turgeon when those stewards were not acting within the scope of their employment with the Union. *See Haverly v. Kaytec, Inc.,* 169 Vt. 350, 357, 738 A.2d 86, 91 (1999); *Bradley v. H.A. Manosh Corp.,* 157 Vt. 477, 480–81, 601 A.2d 978, 981 (1991); *International Brotherhood of Electrical Workers, AFL CIO v. Hechler,* 481 U.S. 851, 859, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987).

■ Finally, the plaintiff argues that the district court abused its discretion under 28 U.S.C. § 1367(c) by denying his motion to remand to state court the state law claims against the Union, which were pendent to federal claims in the case. At the time of removal, the plaintiff did not ask the district court to remand the state law claims. Instead, he chose to litigate all of his claims in a single proceeding. In addition, at the time of the district court's summary judgment on the state law claims against the Union, there were federal claims still pending. Now, after extensive discovery, a judgment *on the merits,* and an affirmance of that judgment after the plaintiff's motion for reconsideration, the plaintiff asserts that the state law issues were novel and complex, and he seeks

nullification of the judgment so that he can relitigate his claims in state court in the hope of a more favorable outcome. Section 1367(c) was not enacted to give litigants two bites at the apple. The exercise of supplemental jurisdiction should be guided by considerations of "judicial economy, convenience, and fairness to litigants." *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). All of these considerations counsel against granting the plaintiff's motion. We therefore conclude that the district court did not abuse its discretion.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is hereby affirmed.