*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-276

FEBURARY TERM, 2013

| | | |
|---|---|---|
| Maurice G. Connary | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Essex Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Officer Callie Field, Vermont State Police | } | DOCKET NO. 9-2-11 Excv |
| and State of Vermont | } | |

Trial Judge: M. Kathleen Manley

In the above-entitled cause, the Clerk will enter:

Plaintiff Maurice G. Connary appeals pro se from a judgment in favor of defendants Callie Field, the Vermont State Police, and the State of Vermont in his action for false arrest, libel, and gender bias. We affirm.

The undisputed material facts may be summarized as follows. On March 8, 2008, Vermont State Police Trooper Callie Field issued a citation to plaintiff for false pretenses, in violation of 13 V.S.A. § 2002, based upon a complaint from Paula Connary, plaintiff's estranged wife. Connary alleged that plaintiff used her social security number on his federal income tax return without her permission, and that as a result her return had been rejected. In a later affidavit, officer Field recalled Connary reporting that plaintiff had asked for her social security number several weeks earlier in order to obtain veteran's benefits, and that she refused to provide it. Field also recalled contacting the Vermont Department of Taxes, which informed her that plaintiff could receive a federal income tax refund between $600 and $1200 through the use of Connary's social security number on his tax return.

In response to the complaint, officer Field asked plaintiff to come to the barracks for questioning, where he showed his tax return, acknowledged using Connary's social security number, informed Field that there was no final decree of divorce with Connary, and stated that his tax preparer had advised him to use Connary's information on his return because he was married and filing separately. In response to subsequent interrogatories, plaintiff explained that divorce proceedings with Connary had commenced at some point in the past, but had never been finalized. Plaintiff asked officer Field to call Connary, but she declined, and issued the citation for false pretenses.

Based on a press release prepared by officer Field, a local newspaper, the Caledonian-Record, published a statement in the "Police Log" section stating that plaintiff "was cited and released Friday for false pretenses, after using his former wife's social security number without her permission." Although cited to appear in court on June 8, 2008, plaintiff was later informed that he did not have to appear, and no information was ever filed.

In February 2011, plaintiff filed a pro se complaint against defendants alleging three causes of action: false arrest, libel, and gender bias. In May 2011, the trial court issued a written decision granting the State's motion to dismiss the libel and gender-bias counts. As to libel, the court noted that plaintiff did not contest the statements that he was cited and released on a charge of false pretenses or that he used Connary's social security number without her permission. The only falsehood alleged in the complaint was the characterization of Connary as his "former" wife rather than his "estranged" wife and this, the court found, did not undermine the "substantial" truth of the statement or render it actionable. See Russin v. Wesson, 2008 VT 22, ¶¶ 7-8, 183 Vt. 301 (observing that allegedly defamatory statements must be judged by "the common-sense 'substantial truth' standard" whereby, for defense of truth to apply, "it is not necessary to prove the literal truth of the accusation in every detail . . . [but] it is sufficient to show that the imputation is substantially true" (quoting Weisburgh v. Mahady, 147 Vt. 70, 73 (1986))).

As to the claim of gender bias, the court observed that, while the precise basis of the charge was unclear, it appeared to be based on officer Field's decision to accept Connary's "side" of the dispute—as alleged in the complaint—and her failure to investigate the matter further. Treating the claim as akin to a civil rights action under 42 U.S.C. § 1983, the trial court found that the bare assertion of bias, absent any evidence of disparate treatment of similarly situated women, failed to state a prima facie case of discrimination, see Shuman ex rel. Shertzer v. Penn Manor Sch. Dist., 422 F.3d 141, 151 (3d Cir. 2005) (to state § 1983 claim for discriminatory treatment, plaintiff must show different treatment of others similarly situated), and that absent any allegation of bad faith, the claim was also barred by the doctrine of qualified immunity. See Winfield v. State, 172 Vt. 591, 593 (2001) (reaffirming rule that qualified immunity protects government employees when they perform discretionary acts in good faith during course of their employment).

The parties subsequently filed cross-motions for summary judgment on the remaining claim of false arrest. The trial court ruled in favor of defendants, concluding that—on the undisputed facts—Field had probable cause to issue the citation for false pretenses as a matter of law, and therefore was protected under the doctrine of qualified immunity. See Long v. L'Esperance, 166 Vt. 566, 571 (1997) (recognizing that law enforcement officer making warrantless arrest acts in good faith "if the officer had an objectively reasonable belief that probable cause to arrest existed"); see also Cervantes v. Jones, 188 F.3d 805, 811 (7th Cir. 1999), overruled on other grounds by Newsome v. McCabe, 256 F.3d 747 (7th Cir. 2001) ("[W]hen facts sufficient to create probable cause are undisputed, probable cause is a question of law."). In this regard, the court found that Field had a reasonable, albeit mistaken, belief that plaintiff had fraudulently attempted to file a tax return on Connary's behalf in order to obtain a refund to which he was not entitled, citing Connary's report that plaintiff was not authorized to use her social security number, information the officer received from tax authorities that plaintiff could obtain a financial benefit by using Connary's social security number, and plaintiff's admission that he had used Connary's social security number without her permission.

The trial court further observed that it would reach the same result on the alternative ground that plaintiff, while issued a citation, had not been arrested in the sense of being subject to restraint or confinement. Accordingly, the court entered judgment in favor of defendants. This pro se appeal followed.

Plaintiff first contends the finding of probable cause was erroneous because officer Field should have questioned Paula Connary more closely about her marital status, tax-filing history, and the basis for her return being rejected. We need not address the argument, however, because the trial court's alternative ruling was correct that the "arrest" element of the false-arrest claim

2

was absent, and plaintiff has not challenged this finding. As the trial court correctly observed, confinement is an essential element of a claim for false arrest. See, e.g., <u>Ackerson v. City of White Plaines</u>, 702 F.3d 15, 19 (2d Cir. 2012) (noting that action for false arrest requires showing that defendant intended to confine plaintiff without plaintiff's consent, and that confinement was not otherwise privileged); <u>Enders v. District of Columbia</u>, 4 A.3d 457, 461 (D.C. Cir. 2010) ("The gravamen of a complaint for false arrest or false imprisonment is an unlawful detention.").

Thus, courts have held that, where—as here—a defendant is issued a citation but never physically arrested, a claim for false arrest will not lie. See, e.g., <u>Johnson v. Barker</u>, 799 F.2d 1396, 1399 (9th Cir. 1986) (rejecting false-arrest claim where plaintiffs were issued citations because "[i]ssuing a citation . . . is simply not tantamount to an arrest"); <u>White v. City of Laguna Beach</u>, 679 F.Supp. 2d 1143, 1158 (C.D. Cal. 2010) (holding that " 'intentional confinement' element [was] lacking" where plaintiff "was never physically arrested and was merely given a citation by [the officer]," and therefore false-arrest claim must fail). Although there may be circumstances where a plaintiff was issued a citation under circumstances suggesting a de facto arrest, plaintiff has not advanced such a claim here. Accordingly, we find no grounds to disturb the judgment.[*]

Plaintiff also asserts summarily that his libel claim had merit and should not have been dismissed. He offers no argument or basis for the claim, and we discern no error in the court's conclusion that the press release was substantially true, and therefore not libelous. Plaintiff also asserts that the gender-bias claim should not have been dismissed, but again provides neither facts nor law to undermine the trial court's conclusion that plaintiff failed to show any disparate treatment.

Finally, plaintiff claims that officer Field was guilty of "false swearing" based on certain statements in an affidavit and responses to interrogatories. The claim was not set forth in the complaint or timely raised with the trial court, and therefore was not preserved for review on appeal. <u>In re Tucker</u>, 2011 VT 54, ¶ 14, 190 Vt. 530 (mem.)

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Brian L. Burgess, Associate Justice

---

[*] Plaintiff also asserts in passing that the officer had no authority to charge a violation of Vermont law on the basis of an allegedly false statement in a federal tax return. The claim is unsupported by any law or authority, and provides no basis for reversal.